CHARLES A. FRUEAUFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69614. Promulgated April 20, 1934.

*J. W. Fisher, Esq.,* for the petitioner.
*J. M. Leinenkugel, Esq.,* for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1929 of $2,509.92. The question in issue is whether the petitioner is liable to income tax in respect of the rental value of an apartment occupied by him rent free.

From the organization of Twenty-Nine Washington Square, Inc., through the taxable year 1929 the petitioner was the owner of all of its capital stock. The corporation owned and operated an apartment house in New York City. The president of the corporation was J. Irving Walsh. He had entire charge of renting and operating the building. The petitioner was vice president. His only activities in connection with the corporation in 1929 consisted of the countersigning of a few checks and the signing of the income tax return. From the time of the organization of the corporation

and through the year 1929 he occupied an apartment of 15 rooms, the fair rental value of which in 1929 was $10,457.98. He paid no rental to the corporation for the apartment and no question was ever raised by the corporation as to his liability therefor. In his income tax return for 1929 the petitioner did not include in his gross income any amount for the rental of the apartment. In the audit of his return the respondent has added to the petitioner's gross income $10,457.98 " as compensation to the petitioner from Twenty-Nine Washington Square, Inc., for alleged services rendered by petitioner to the said corporation." The deficiency found by the respondent is predicated principally, if not entirely, upon the above stated adjustment.

The parties have stipulated as follows:

At December 31, 1928, Twenty-Nine Washington Square, Inc. had a deficit of $20,405.82. At December 31, 1929 said Twenty-Nine Washington Square, Inc., had a deficit of $18,096.60 a reduction of $2,309.22, the amount of the net earnings for the calendar year 1929.

Section 22 of the Revenue Act of 1928 defines gross income as including " gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, * * * or gains or profits and income derived from any source whatever."

No question is raised by the petitioner that the fair rental value of the apartment in 1929 which he occupied in the apartment house owned and operated by Twenty-Nine Washington Square, Inc., was any less than the amount determined by the Commissioner, namely, $10,457.98. It is his contention, however, that he did not receive the apartment rent free as compensation for any services performed by him; that no agreement was ever made between himself and the corporation that the apartment was to be furnished him rent free as compensation for services.

We think that it is not material that the petitioner had no agreement with the corporation that the apartment should be furnished him rent free in lieu of other compensation for nominal services performed. The rental value of the apartment in 1929 was $10,457.98 and he received that income from the corporation. If it was not received as compensation for services we think it was, nevertheless, income taxable under the provision of the law which required the inclusion in gross income of " income received from any source whatever." No contention is made that the rental value of the apartment constituted a gift by the corporation to the petitioner. Nor does it qualify under any other provision of the statute relating to tax-exempt income.

The petitioner makes the contention that the rental value of the apartment constituted a nontaxable distribution by the corporation

to him under section 115 of the statute. The petitioner's reasoning is that the corporation had no surplus earnings from which a dividend could be paid and that the amount was in effect a partial liquidating dividend. We think there is no merit in this contention. The evidence of record does not disclose that the corporation made or intended to make any distribution to the petitioner within the contemplation of section 115.

In *Ralph Kitchen*, 11 B.T.A. 855, the question was presented as to whether the value of lodging and meals supplied to the general manager of a hotel should be included in such manager's gross income. We held that it should be. Whether the rental value of the apartment constituted compensation for services performed or had some other consideration, we think that the amount constituted taxable income of the petitioner.

Reviewed by the Board.

*Judgment will be entered for the respondent.*