HERMAN MARTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97354. Promulgated April 16, 1941.

*Carl Pruzan, Esq.*, for the petitioner.
*B. H. Neblett, Esq.*, for the respondent.

OPINION.

HILL: In his petition, petitioner assigned as error the failure of respondent to allow a deduction of $473.33 representing the amount paid by him for "board, lodging and living quarters" during the taxable year, which, he further alleged, were furnished him for the convenience of his employer.

The facts show that during the taxable year the petitioner was a wireless or radio operator, employed by the United States Army Engineers on dredging vessels. His base pay was $2,100 per year, from which was deducted $40 per month for lodging and subsistence, except when petitioner was absent from ship on annual leave. He was a single man and maintained no permanent home on shore.

The deduction disallowed by respondent was claimed by petitioner under section 23 (a) of the Revenue Act of 1936, which provides that in computing net income there shall be allowed as deductions, among other things, (a) all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, and (b) traveling expenses (including the entire amount expended for meals and lodging) while away from home in pursuit of a trade or business.

It seems plain that the deduction in controversy must come within the classification of traveling expenses incurred while away from home in pursuit of a trade or business if petitioner is to prevail; otherwise, the amount represents living expenses, the deduction of which is specifically prohibited by section 24 (a) (1) of the applicable statute. But we can not reach the conclusion that the amount represents traveling expenses incurred while away from home, since the parties have stipulated that petitioner was a single man, and maintained no permanent home on shore. "A taxpayer seeking a deduction must be able to point to an applicable statute and show that he

comes within its terms." *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435, 440. We think petitioner has not shown that he comes within the terms of the statute upon which he relies.

However, petitioner urges the further contention in effect that, if the amount claimed is not allowable as a deduction, it should be excluded from gross income on the theory that subsistence and quarters were furnished to him solely for the convenience of his employer. This contention is predicated on article 22 (a) (3) of respondent's Regulations 94, and court and Board decisions, to which further reference will be made. The cited regulation provides that if living quarters are furnished to employees for the convenience of the employer the ratable value need not be added to the cash compensation of the employees, but if a person receives a salary as compensation for services rendered, and living quarters in addition thereto, the value of the quarters furnished constitute income subject to tax. The regulation also points out that the value of quarters furnished Army and Navy officers, or amounts received as commutation of quarters, do not constitute taxable income. This regulation was based upon the decision in *Jones* v. *United States*, 60 Ct. Cls. 552, which held that the rental value of quarters occupied by an Army officer and the cash received by him for commutation of quarters did not constitute income taxable under the Revenue Act of 1921. In the *Jones* case the court, in a lengthy opinion, clearly indicates the dissimilarity between allowances and compensation, and it is this point that distinguishes the present proceeding from that decision. The same distinction is readily discernible in subsequent decisions of this Board.

In *Arthur Benaglia*, 36 B. T. A. 838, where the employer furnished food and lodging to the petitioner, solely for the convenience of the employer and as a necessary incident of the proper performance of the petitioner's duties, we held that the value thereof was not taxable income to the petitioner. There, the value of the subsistence and quarters furnished the taxpayer was not a part of the compensation paid by the hotel company for his services. The meals and lodging constituted an allowance made by the employer for its own convenience and benefit. We said at page 840:

Under such circumstances, the value of meals and lodging is not income to the employee, even though it may relieve him of an expense which he would otherwise bear.

On the other hand, in *Percy M. Chandler*, 41 B. T. A. 165, we held that the rental value of a lodge was compensation for services rendered by the taxpayer and within his gross income, where it appeared that the lodge was occupied rent-free by the taxpayer and his family and

was the property of the taxpayer's wholly owned corporation, to which he rendered substantial services. In that connection we said (p. 178):

Chandler, as president of the farm corporation, performed substantial services for it in directing its business * * *. It is a fair inference that the occupancy of the lodge was permitted to him rent-free as compensation for the services which he rendered. Certainly there is no support in this record for treating the occupancy as a gratuity given to him by the corporation or as essential to the corporation in the conduct of its business.

In the present case, petitioner was required to receive his subsistence and occupy quarters on board ship by the exigencies of the situation, but the meals and lodging furnished to petitioner were obviously not considered or treated by him or his employer as an allowance or gratuity. Petitioner received compensation of $2,100 per year for his services, and paid to his employer $40 per month for his keep while on board ship. The entire amount of his compensation is taxable income to petitioner, without deduction or exclusion of his living expenses. Cf. *Charles A. Frueauff*, 30 B. T. A. 449.

The action of respondent is approved.

Reviewed by the Board.

*Decision will be entered for respondent.*