Bertha Gritmon v. Commissioner.
Gritmon v. Commissioner
Docket No. 4624.
United States Tax Court
1945 Tax Ct. Memo LEXIS 186; 4 T.C.M. (CCH) 552; T.C.M. (RIA) 45182; May 22, 1945
*186 William T. Griffin, Esq., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. SMITH
Memorandum Opinion SMITH, Judge: Deficiencies have been determined in petitioner's income tax for 1940 and 1941 in the amounts of $39.60 and $221, respectively. The only adjustment made in petitioner's returns by the respondent in determining the deficiencies was the addition to gross income of $900 in each year representing the fair rental value of a home which petitioner occupied rent free. This was determined to be "Compensation for services" rendered. Petitioner alleges that the respondent erred in making this adjustment. [The Facts] Petitioner is a resident of New York, N. Y., and filed her returns for 1940 and 1941 with the collector of internal revenue for the first district of New York. The home which petitioner occupied during 1940 and 1941 was a small residence located at 8115 Ridge Boulevard, Brooklyn, New York. It was owned by the Elherb Realty Corporation, which was a family real estate holding corporation, organized by petitioner's husband in 1933, the year of his death. He and petitioner had occupied the home as their family residence since *187 1927. He conveyed that property, together with four other parcels of improved real estate in the same neighborhood, to the corporation in 1933. All of the capital stock of Elherb Realty Corporation is owned by Herbert F. Gritmon, petitioner's son, and Mrs. Eunice Smith, her daughter. The stock was issued to them in equal shares by their father as a gift in 1933. The other properties owned by the corporation are small units, the street floors of which are rented as stores and the upstairs as apartments. It receives rentals of approximately $500 per month from the stores and approximately $250 per month from the apartments. The rents are usually paid by checks and collected and deposited by petitioner's son or daughter. The corporation has its only office in the living room of the residence occupied by petitioner and also uses a portion of the basement for storage space. The rental checks when mailed are sent to that address. Petitioner sometimes takes up these checks as the postman delivers them and on rare occasions deposits them in the bank. Also at times, when convenient for her, she calls on the tenants who are delinquent in their rent payments and makes collections. Her only *188 regular duties are looking after the house and taking care of her daughter who at intervals is subject to a recurring illness. After the death of petitioner's husband her son and daughter permitted her to continue occupying the home rent free. The daughter and her minor daughter lived with her. There was no understanding that she was to perform any services on behalf of the corporation and she was never considered in the company's employ. Petitioner spent considerable time visiting in Florida, California, and other places. She had an independent income of her own. She reported an income of $6,104.03 for 1940 and $6,909.14 for 1941. In 1940 and 1941 the corporation claimed and was allowed depreciation deductions on the residence occupied by the petitioner. It is stipulated that the fair rental value of the premises occupied by petitioner in each of the taxable years 1940 and 1941 was $900 per annum. The respondent has determined that petitioner is taxable on that amount in each year as compensation received from the Elherb Realty Corporation. The respondent's determination, we think, is erroneous. The evidence is that petitioner was never employed by the corporation and never *189 performed any services for it which would entitle her to compensation. Her son and daughter merely agreed, as owners of the stock of the corporation, to permit her to continue to occupy the residence as her home after their father's death, as a gratuity. It was in no sense a consideration for services to be per formed on behalf of the corporation. Cases like Charles A. Frueauff, 30 B.T.A. 449, cited by the respondent in his brief, are not applicable. There the taxpayer occupied an apartment owned by a corporation of which he was president and the sole stockholder. The rental value of the apartment which he occupied was held taxable to him as compensation for important services which he rendered on behalf of the corporation as its president. The case is obviously distinguishable from the instant one. Decision of no deficiencies will be entered.