John H. Diamond v. Commissioner.
John H. Diamond v. Commissioner
Docket No. 17024.
United States Tax Court
1948 Tax Ct. Memo LEXIS 63; 7 T.C.M. (CCH) 774; T.C.M. (RIA) 48224; October 21, 1948
John W. Lapsley, Esq., for the petitioner. S. Earl Heilman, Esq., for the respondent. LEMIRE Memorandum, Findings of Fact and Opinion This proceeding is for a redetermination of a deficiency in income tax for the year 1945 in the amount of $127.50. The deficiency arises out of the disallowance of a deduction claimed by the petitioner in his 1945 income tax return for traveling expenses, including meals and lodging, totaling $688. The items making up this total are $176.40 for transportation fares to and from job, $183 for hotel room, and $328.60 for meals. At the hearing petitioner conceded that he had been reimbursed for transportation expenses by his employer and that item was properly disallowed by the respondent. The only question *64 presented us for determination is whether the Commissioner erred in disallowing the items claimed for meals and lodging, totaling $511.60. Findings of Fact The petitioner is a carpenter by trade and now resides in Montgomery, Alabama. His income tax return for the year 1945 was filed with the collector of internal revenue for the district of Alabama. He was a widower during the taxable year and had been for several years prior thereto. He had eight children but all of them were adult and he maintained no home or fixed place of abode in Alabama during the taxable year. From 1939 until some time in 1943 petitioner had rented a room where he lived in the city of Montgomery. During that time one of his four sons would occasionally occupy this room with him. Some time during the year 1943 he gave up the room and went to work as a carpenter on defense jobs at Ozark and Mobile, Alabama. As soon as he had finished his work on these jobs he returned to Montgomery, in October 1943, where he remained until April 1944. During this time he lived with a daughter in an apartment which she maintained in Montgomery. In the month of April 1944, he left Alabama and went to work in the State of Washington *65 on another defense job at Pasco. He remained on this job in the State of Washington until October 1944. He then returned to Montgomery, Alabama, and again lived with his daughter in her apartment until about January 15, 1945. On these occasions while living with his daughter he made contributions of unstated sums to cover the expense of his meals and lodging. In January 1945, at the suggestion of the business agent of the carpenters' union at Louisville, Kentucky, petitioner went to Louisville and obtained employment with DuPont de Nemours & Company, Inc., on a nearby rocket powder plant which that company was erecting at Charlestown, Indiana. He worked on this job until October 1, 1945, when the work ceased. While on this job he had a room in Charlestown, Indiana, for about ten days but found his accomodations unsatisfactory and moved to a room at the Seneca Hotel in Louisville, Kentucky, some 15 or 20 miles away. He traveled back and forth each day from Louisville to Charlestown. Petitioner lived at the Seneca Hotel at Louisville from about February 1, 1945, until October 1, 1945. He paid $10.50 per week for his room. The cost of his meals at the hotel and various other places *66 where he ate during the period of his employment on his job, as estimated by the petitioner, was $328.60. Petitioner did not maintain a home or other fixed place of abode anywhere other than at the Seneca Hotel in Louisville, Kentucky, while employed by DuPont de Nemours & Company, Inc., during the taxable year. When petitioner left Louisville, Kentucky, in October 1945, he went to Crenshaw County, Alabama, for a visit and at some undisclosed time thereafter he returned to Montgomery, Alabama, and rented a room at the Sheridan Hotel, where he continued to reside until the hearing of this case in April 1948. Opinion LEMIRE, Judge: Petitioner contends that he is entitled to deduct the amount expended for board and lodging, while working at Charlestown, Indiana, on the rocket powder plant, as traveling expenses paid or incurred while away from home in the pursuit of his trade or business, under section 23 (a) (1) (A) [1] of the Internal Revenue Code. The respondent disallowed the deduction on the ground that these expenses were personal living expenses, the deduction of which is specifically prohibited by section 24 (a) (1) [2] of the Internal Revenue Code *67 . The petitioner was a carpenter by trade. He was a widower for several years prior to and during the taxable year 1945 here involved. His children were all grown and at least from and after the year 1943 none of them was in anywise dependent upon him and none of them made their home with him. His testimony shows that from some time during the year 1943 down through the year 1945 petitioner maintained no home or fixed place of abode other than at the location of the *68 defense plants on which he worked as a carpenter. On two different occasions during that period, when he was unemployed, he had lived for a short time with a daughter in her apartment in Montgomery, Alabama, and while living with her he made contributions to help pay the expense of maintaining her home. The evidence is that he maintained no home of his own in Montgomery. Petitioner testified that he obtained board and lodging in Louisville, Kentucky, during the year 1945 because he was dissatisfied with meals and lodging obtainable in Charlestown, Indiana, where the defense plant was located. On these facts we cannot find that the cost to the petitioner of his board and lodging at Louisville represents traveling expenses paid or incurred while away from home in pursuit of a trade or business. We think that the respondent correctly determined that these expenditures were personal living expenses, the deduction of which is specifically prohibited by section 24 (a) (1) of the Code. Herman Martin, 44 B.T.A. 185. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩
2. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x); * * *↩