Henry M. and Susan E. Lees v. Commissioner.
Henry M. v. Comm'r
Docket No. 33238.
United States Tax Court
1953 Tax Ct. Memo LEXIS 269; 12 T.C.M. (CCH) 472; T.C.M. (RIA) 53153; April 30, 1953
*269 Held, living quarters were furnished the petitioner for the convenience of his employer and their value was not a part of his compensation. Henry M. Lees, for the petitioners. John H. Welch, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined deficiencies for 1947, 1948 and 1949 in the respective amounts of $51.00; $52.60 and $53.80. The respondent on brief withdraws any claim to the deficiencies for 1947 and 1948. The sole issue is whether the value of housing furnished by the employer of Henry M. Lees constitutes compensation for services includible in taxable income. The petitioners filed joint returns for the calendar years with the collector of internal revenue at Tacoma, Washington. Findings of Fact During the years 1947, 1948 and 1949, the petitioner Henry M. Lees was employed by the City of Seattle, Washington, as a concrete technician, in the Department of Lighting. In August of 1947 Lees was assigned as supervising concrete inspector at Ross Dam, about 125 miles northeast of Seattle, on a construction project for the City. The Dam was located about 12 miles from Newhalem, Washington, *270 and was inaccessible by road. It could be reached by a foot trail or by use of both train and boat travel. Lees was employed at this Dam from August 1947 until March 1949. The City furnished a five-room house for use of Lees and his family which numbered six or seven persons. The house was of homo-site siding and contained two bedrooms, kitchen, living room and sun porch, all on one floor. There was no basement or second floor. Lees' duties were of a supervisory nature and required his presence at the job on a 24-hour day basis, with every other week-end off. After 12 days of duty he would normally have two days of leave. The construction work was done by contractors who employed three eight-hour shifts each day. Lees usually worked during the day shift, but frequently was called upon during one of the other shifts for technical decisions. Inspectors were stationed during each shift at the concrete mixing plant and at the location where the concrete was poured. These inspectors were under Lees' supervision. On some occasions Lees was required to forego his week-end leave in order to attend to the construction work. The City of Seattle withheld income tax from Lees' salary upon *271 the basis of his cash salary plus a value placed upon the quarters furnished. For 1947 Lees was paid a salary of $4,632.50. Quarters were valued at $300 and $414.30 was withheld as income tax. For 1948 Lees was paid a salary of $6,090; the quarters were valued at $352; and $441 was withheld as income tax. For 1949 Lees received a salary of $6,120; quarters were valued at $360; and $354.30 was withheld as income tax. Upon the petitioners' returns, the tax was computed upon the salary exclusive of the stated value of housing. Upon the return for 1947 the petitioners noted "Room and board furnished - but necessary to fulfill duties - $300.00." On the 1948 return they stated "Living Quarters Furnished For Convenience of Employer & Fulfillment of Duties - $352.00." On the 1949 return they noted "B & R - $360.00." Refunds were claimed upon the returns for overpayments and were allowed and paid. In March 1949 Lees and his family moved to the town of Newhalem, 12 miles from the Dam, which town is owned by the City of Seattle. The City was building another generating unit, and Lees was transferred to Newhalem and was furnished a house there in order to be near that construction work. The *272 quarters at Ross Dam and at Newhalem were furnished Lees for the convenience of the City of Seattle and not as a part of Lees' compensation for services. The value of such quarters did not constitute taxable income to Lees. Opinion The respondent, for administrative reasons, has announced that in controversies over the compensatory character of meals or lodging furnished by employers, no attempt would be made to assert possible deficiencies for years prior to 1949. Internal Revenue Mimeograph 6472, Internal Revenue Cumulative Bulletin 1950-1, 15. Consistent with this position as to taxpayers generally, and to avoid discrimination against the petitioners, the respondent has withdrawn claims to the deficiencies for 1947 and 1948 in this proceeding, leaving only the year 1949 for disposition by the Court. The issue is whether the quarters furnished Lees in 1949 constituted a part of his compensation for services. Lees was assigned to supervise concrete work on a dam under construction in a location 12 miles from the nearest housing and inaccessible except by boat or train or by foot path. His duties required his presence day and night for 12 days, and sometimes more, out of every *273 two weeks. Although normally working during only one of three shifts constantly employed on the project, he was often called upon for technical decisions during other shifts. It was obviously for the convenience of his employer that he was furnished quarters at the location of the job. The respondent argues that the "convenience of the employer" rule is merely an administrative test to be applied only where the compensatory character of the accommodations is not otherwise determinable. Mimeograph 6472, supra. It is argued that Lees' employer, the City of Seattle, withheld tax upon the compensation of Lees' treating the value of quarters as part of the compensation and must have considered the quarters in the nature of compensation, and that Lees acquiesced in the City's action. We see no significance in the method of withholding adopted by the City which would be binding upon Lees. The City's officers may have interpreted the Treasury Regulations as requiring this withholding. If the City withheld too much in tax the matter would be settled when Lees filed his return, but if the officers withheld an insufficient amount they might be subject to disciplinary action for failure to *274 perform their duties to the City. It seems obvious that Lees did not treat the value of quarters as compensation since on each return he excluded the stated value of quarters in computing his tax and accordingly claimed a refund. The respondent cites Herman Martin, 44 B.T.A. 185 (1941) in which a radio operator on a seagoing dredge was furnished quarters for which a deduction was made from his stated salary. The dredge was at sea for several days and Martin was subject to call at any time and could not leave the vessel. The decision in that case turned upon the distinction between "allowances" and "compensation" as interpreted in Jones v. United States, 60 Ct. Cls. 552. The quarters upon the dredge were not supplied as an allowance separate from the compensation but as a part of the compensation for which a deduction was made from the prescribed salary. That is not the situation here. The case of Arthur Benaglia, 36 B.T.A. 838 (1937) referred to in the Martin case, is more in point. A hotel manager was there required to reside in the hotel for proper performance of his duties. The Board said: "From the evidence, there remains no room for doubt *275 that the petitioner s residence at the hotel was not by way of compensation for his services, not for his personal convenience, comfort or pleasure, but solely because he could not otherwise perform the services required of him. The evidence of both the employer and employee shows in detail what petitioner's duties were and why his residence in the hotel was necessary. His duty was continuous and required his presence at a moment's call. He * * * testified that the function of the manager could not have been performed by one living outside the hotel, * * * the owners of the hotel would not consider employing a manager unless he lived there." The Board held that under these circumstances the value of meals and lodging was not income to the employee even though it might relieve him of an expense which otherwise he would bear. The respondent contends that the petitioners have failed to prove error in the determination, that the mere assertion that the house was furnished for the convenience of the City is not sufficient to overcome the presumption of correctness of that determination. There is only the testimony of Lees upon the subject. But that is clear and convincing and stands *276 unrebutted. The respondent offered no evidence tending to show the facts were otherwise than as stated by Lees. The respondent further argues that the petitioners have not accounted for the period March to December 1949. Lees testified that he was assigned a house at Newhalem, a town owned by the City of Seattle, in order to be near his new assignment on construction work done for the City on a new generating unit. The petitioners' return for 1949 gives their address as Newhalem Camp. It would seem that the circumstances under which the housing was furnished there were similar to those of the job at Ross Dam, except that Newhalem may have been accessible from other points. We think the same conclusion is applicable with reference to the quarters furnished at Newhalem. Decision will be entered for the petitioners.