JOSEPH L. DORAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42241. Promulgated December 21, 1953.

*Joseph L. Doran, pro se.*
*A. F. Barone, Esq.*, for the respondent.

**OPINION.**

TIETJENS, *Judge:* Although the petitioner deducted the amount of rental allowance from his total wages on his returns for each of the years in question, his argument and evidence were directed toward showing that his rental was excludible rather than deductible from gross income.

Section 22 (a) of the Internal Revenue Code includes in the definition of gross income "compensation for personal service * * * of whatever kind and in whatever form paid, * * *." Ordinarily, living quarters provided for an employee in connection with his work are considered a part of the compensation for his services and their value is includible in his gross income. Where, however, quarters are furnished not as a part of the employee's compensation but for the convenience of the employer, their value is not includible in the employee's gross income. *Herman Martin*, 44 B. T. A. 185 (1941) ; Regs. 111, sec. 29.22 (a)–3.

The respondent contends that under the law of South Carolina the value of the living quarters furnished to the petitioner is considered a part of his compensation and is, therefore, includible in his gross

income.  In support of his assertion the respondent cites the following from the Appropriations Act for 1949–1950 for the State of South Carolina:

Section 79.  That salaries paid to officers and employees of the State, including its several boards, commissions and institutions, shall be in full for all services rendered, and no perquisites of office or of employment shall be allowed in addition thereto, but such perquisites, commodities, services or other benefits shall be charged for at the prevailing local value and without the purpose or effect of increasing the compensation of said officer or employee; * * * [Acts 1949, No. 339, 46 Stat. at Large, p. 741.]

The South Carolina appropriations acts for the other years involved here contain the same language.

While the law of South Carolina has no binding force in our determination of whether the value of the petitioner's living quarters is compensation for his services within the meaning of section 22 (a) of the Internal Revenue Code, it is helpful in understanding what the terms of employment were between the petitioner and the Citadel, a state institution.  The meaning of the above statutory language is that the base pay and rental allowance which make up the petitioner's salary are to be the full compensation for his services.  He is required to pay for his living quarters in order that their receipt will not have the effect of increasing his compensation above the total of his base pay plus rental allowance.  Accordingly, we find that the value of the petitioner's living quarters was a part of the compensation for his services.

The petitioner argues that since his living at the Citadel is for the convenience of his employer, the value of his quarters is not compensation.  It is undoubtedly true that the petitioner lives at his place of employment for his employer's convenience, but it does not necessarily follow from this that the value of his living quarters is not compensation.  The weakness of the petitioner's argument is that he considers "compensation" and "convenience of the employer" as necessarily alternative propositions.  This is not so.  The convenience of the employer rule is merely one test used to determine whether the value of living quarters furnished to an employee is compensation.  In the absence of other criteria it has often been controlling.  *Arthur Benaglia*, 36 B. T. A. 838 (1937).  Here, however, it is apparent from the South Carolina statute that the value of the petitioner's quarters is considered a part of the compensation for his services to the Citadel, and the Internal Revenue Code requires the inclusion in gross income of all compensation received in return for personal services.  Consequently, there is no necessity to apply the convenience of the employer test.  *Diamond v. Sturr*, 116 F. Supp. 28 (1953).

*Decision will be entered for the respondent.*