OPINION. Withev, Judge: The value of housing and food furnished to each of the petitioners and their respective families is hereinafter referred to as maintenance. The briefs of the parties convince us that there is no dispute concerning either the compensatory nature of the food and housing furnished petitioners or the fact that their use thereof was for the convenience of their employer, the Missouri State Sanatorium. The controversy arises only with respect to the legal effect of those facts. Petitioners rely primarily on Regulations 111, section 29.22 (a)-3. That portion of the Regulations 111 which has application to the question before us is printed in the margin.[2] Petitioners’ position in effect is that the two sentences quoted in the margin must be read together, i. e., that regardless of the compensatory nature of the maintenance furnished a taxpayer, if his acceptance and use thereof is for the convenience of his employer, the value of such maintenance need not be included in his gross income. Respondent contends, on the contrary, that Regulations 111 must be read to mean that regardless of the fact that the acceptance and use of maintenance furnished a taxpayer by his employer is for the convenience of the employer, if it is compensatory to the taxpayer it is includible in his gross income. In so contending, respondent also relies upon Regulations 111, section 29.22 (a)-3, and upon this Court’s holdings in the following cases: Herman Martin, 44 B. T. A. 185; Arthur Benaglia, 36 B. T. A. 838; and Percy M. Chandler, 41 B. T. A. 165, affd. (C. A. 3) 119 F. 2d 623. We agree with respondent’s contention. Joseph L. Doran, 21 T. C. 374. Ordinarily the issue here involved presents a question determinable as a factual problem, but the parties here are not in dispute on the facts, nor is any issue raised with respect to the inclusion in income of maintenance furnished to and accepted by members of petitioners’ respective families. An examination of the portion of Regulations 111 quoted in the margin clearly demonstrates that it is not a basis for petitioners’ contention. The first sentence can not be read so that its wording may be said to apply to any maintenance except that which is received as compensation. The second sentence may be read to refer only to maintenance furnished an employee for the convenience of the employer. In order that the two be read as petitioners would have us read them, the second sentence would of a necessity have to be amended to read, in part, as follows: “If, however, [such] living quarters or meals are furnished * * Only by including a word which is absent therefrom may the regulation become a basis for petitioners’ theory in the case. Where, as in the instant case, although maintenance is furnished by the employer for his convenience, the taxpayer’s compensation is nevertheless based upon the total of his cash salary plus the value of such maintenance, that total compensation represents taxable income. Joseph L. Doran, supra; Herman Martin, supra. On the other hand, where the maintenance is furnished for the convenience of the employer and the value thereof is not found to be compensation we have held such value excludible from gross income. Arthwr Benaglia, supra. It is plain from this record also that we may not treat the maintenance here furnished as a gift. See Percy M. Chandler, supra. For these reasons we find for the respondent. Because of variances between the notices of deficiency and our findings of fact as to the value of maintenance furnished the respective petitioners, Rule 50 decisions will be necessary. Decisions will be entered under Bule 50. Sec. 29.22 (a)-3. Compensation Paid Other Than in Cash. — * * * If a person receives as compensation for services rendered a salary and in addition thereto living quarters or meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. If, however, living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees. * * *