Robert Douglas Bartilson v. Commissioner.
Bartilson v. Commissioner
Docket No. 42239.
United States Tax Court
T.C. Memo 1954-218; 1954 Tax Ct. Memo LEXIS 27; 13 T.C.M. (CCH) 1117; T.C.M. (RIA) 54324; December 13, 1954, Filed *27 Held, upon the facts, and upon petitioner's failure to meet the burden of proof, that the value of food and lodging furnished petitioner by his employer was includible in petitioner's gross income as additional compensation to him for his services. Robert Douglas Bartilson, Shemya, Alaska, pro se. Fayette G. Taylor, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax of the petitioner for the year 1949 in the amount of $138.86. The question presented is whether or not the value of food and lodging provided for the petitioner by his employer is includible in his gross income for the year 1949 as additional compensation to him for his services. Findings *28 of Fact Petitioner, Robert Douglas Bartilson, filed timely individual income tax return (Form 1040) for the year 1949 with the collector of internal revenue for the district of Minnesota. Petitioner was hired on May 13, 1948, as a student radio operator by Northwest Airlines, hereinafter referred to as employer, at St. Paul, Minnesota, for employment in Alaska. He was trained for his position, and moved to an air base at Shemya, Alaska, where he was employed as a radio operator on an hourly basis during part of 1948 and all of 1949. When petitioner was hired on May 13, 1948, he signed an agreement relating to the conditions of employment. Neither this agreement nor a subsequent agreement dated September 12, 1949, between employer and a bargaining unit of its employees, contained any reference to food and lodging. The employer held out to employees (including petitioner) that food and lodging were "free." Petitioner had an option to receive $40 per month (in addition to the specific amount of money agreed upon as salary) to buy food from the commissary instead of being furnished food by the employer. During 1948, in determining petitioner's gross pay for the purpose of calculating *29 withholding taxes, the employer added nothing for food and lodging. During 1949, in determining petitioner's gross pay for the purpose of calculating withholding taxes, the employer added the total sum of $812.46 (representing the value of food and lodging furnished petitioner) to the amount of pay otherwise determined. There were no material changes in the terms of employment of petitioner, or the circumstances under which food and lodging were furnished to him, in 1949, as distinguished from 1948. Petitioner did not agree or consent to the inclusion in his gross pay in 1949 of the value of food or lodging. The employer did not, of its own volition, change its method of calculating petitioner's gross pay for 1949. It included the value of food and lodging furnished petitioner primarily as a result of oral discussions and conferences with representatives of the Bureau of Internal Revenue. Some consideration was given to the fact that Shemya, Alaska, was established in 1949 as a permanent rather than as a temporary base, but this factor had no substantial significance in relation to petitioner's compensation or the treatment for tax purposes of the food and lodging furnished to *30 him. Opinion FISHER, Judge: Although the petitioner deducted the value of the food and lodging from his gross wages on his return for the year in question, it is clear from his evidence and argument that his position is that the amount representing such value should have been excluded from gross income rather than deducted. Section 22(a) of the Internal Revenue Code of 1939 includes in the definition of gross income "compensation for personal service * * * of whatever kind and in whatever form paid, * * *." Ordinarily. food and lodging provided for an employee in connection with his work are considered a part of the compensation for his services and their value is includible in his gross income. Where, however, food and lodging are funished not as a part of the employee's compensation but for the convenience of the employer, their value is not includible in the employee's gross income. In this connection, Regulations 111, sec. 29.22(a)-3, provide, where relevant, as follows: "* * * If a person receives as compensation for services rendered a salary and in addition thereto living quarters or meals, the value to such person of the quarters and meals so furnished constitutes income *31 subject to tax. If, however, living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees." In considering the above provisions of the Regulations, we have held that the "convenience of the employer" rule is merely one test used to determine whether the value of food or quarters furnished to an employee is compensation. Joseph L. Doran, 21 T.C. 374, 376 (1953). We have further held that regardless of the fact that the acceptance and use of maintenance furnished a taxpayer by his employer is for the convenience of the employer, if it is compensatory to the taxpayer, it is includible in his gross income. Charles A. Brasher and Louise Brasher, 22 T.C. # 82 (1954). The determination made by respondent is, of course, presumed to be correct, and the burden of proof is upon petitioner. Petitioner (who appeared without counsel) has devoted his evidence and argument to the objective of demonstrating that his contract of employment made no mention of food and lodging, and that he did not agree, in writing or otherwise, that the value *32 of food and lodging was to be included in determining his gross pay. It is clear that his employer held out to prospective employees that food and lodging would be "free," (although there does not appear to have been any representation that its value was free from income tax). In 1948 (the year in which petitioner's employment began) the employer did not include the value of food and lodging in petitioner's gross pay for the purpose of calculating withholding taxes, but did include such value in the calculations for 1949. We have no doubt that petitioner had good reason to assume, from his perspective, that the value of food and lodging furnished him was not a part of his compensation. His employer reached the same conclusion, at least for 1948. We think it is clear, however, that neither his understanding nor that of his employer is binding upon the respondent or conclusive of the issues presented to us. Robert H. Saunders v. Commissioner, (C.A. 3) 215 Fed. (2d) 768 (1954), (reversing 21 T.C. 630 on other grounds); Charles A. Frueauff, 30 B.T.A. 449, 450 (1934). There is no evidence in the record demonstrating that the furnishing of food *33 to petitioner was required for the convenience of his employer. Petitioner had the option to receive $40 per month to purchase food from the commissary in lieu of that furnished by the employer. The sparse affirmative facts in the record indicate that if he had elected to take the $40 per month, it would have been includible in his gross income, and that no deduction would have been allowable for the cost of his food. See Herman Martin, 44 B.T.A. 185, 188 (1941). We do not find any reason to hold that acceptance of the food as such, rather than the money with which to purchase it, requires a different conclusion. In all events, petitioner has failed to produce any evidence (such as that discussed in the opinion of the Third Circuit in Robert H. Saunders v. Commissioner, supra) which might justify our holding to the contrary. With respect to lodging, we can only say that there is no significant evidence in the record upon which we can base a determination to the effect either that such lodging was for the convenience of the employer or that the value thereof was not to be deemed a part of petitioner's compensation. We must hold, therefore, that petitioner *34 has failed to meet the burden of proof in this respect. In the light of the foregoing discussion, we have no recourse but to hold for the respondent with respect to the value of both food and lodging furnished petitioner for 1949. Decision will be entered for the respondent.