John D. Robertson and Ethel G. Robertson v. Commissioner.
Robertson v. Commissioner
Docket No. 51911.
United States Tax Court
T.C. Memo 1955-282; 1955 Tax Ct. Memo LEXIS 56; 14 T.C.M. (CCH) 1097; T.C.M. (RIA) 55282; October 20, 1955
*56 The petitioner, John D. Robertson, was furnished food and housing by his employer, a California state hospital. Although these items were furnished as convenience to the employer, they were also furnished and received by petitioner as part of his compensation. Held, that the value of the food and housing, being part of compensation, constituted part of gross income regardless of the fact that the items were furnished for the convenience of the employer. Charles A. Brasher, 22 T.C. 637 followed. Rodney H. Robertson, Esq., Russ Building, San Francisco, Calif., for the petitioners. Ralph H. Tracy, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax for the years 1950-1952, inclusive, as follows: Year
Deficiency
1950
$233.82
1951
247.52
1952
178.22
The question to be decided is whether the value of food and lodging furnished by the employer to the petitioner, John D. Robertson, is includable in gross income under section 22(a) of the 1939 Code. The petitioners contend that no deficiencies are due, and, in addition, that because of an error, the tax for 1952 has been overpaid. All of the facts have been stipulated. Findings of Fact The stipulated facts are found, and the stipulation is incorporated herein by this reference. The question to be decided relates only to the petitioner, John D. Robertson, and he is referred to hereinafter as the petitioner. Joint returns for the taxable years were filed by the petitioners with the collector for the first *58 district of California. Agnews State Hospital, located at Agnew, California, is an institution operated by the State of California. Walter Rapaport, M.D., was the superintendent and medical director during the taxable years. The petitioner was the duly appointed business manager of the hospital during the taxable years. He was required by the superintendent of the hospital, pursuant to regulations of the Department of Mental Hygiene, to live upon the grounds of the hospital, and he was subject to call and required to be available for duty at all times, i.e., 24 hours a day, unless he was absent by official approval. Among his duties, he was responsible for the maintenance and preservation of the hospital plant and equipment, for the safety of the patients, and for fire and police protection. He had other emergency duties. During each of the taxable years the petitioner lived on the hospital grounds in housing provided by the hospital, and, in addition, he received laundry service and commissary withdrawals. The gross salary of the petitioner in each of the taxable years was as follows: Year
Gross Salary
1950
$7,728.00
1951
8,256.25
1952
8,881.27
The *59 petitioner's employer, i.e., the State of California, deducted from his gross salary for each year for rent, commissary withdrawals, and laundry service, the amounts set forth below, and petitioner received the net amounts of cash set forth below: Deductions for
Rent, Commissary,
Net Amount of
Year
and Laundry
Salary Received
1950
$1,297.75
$6,430.25
1951
1,227.76
7,028.49
1952
804.96
8,076.31
In the payroll records of petitioner's employer, petitioner's gross salary was stated in the amounts set forth above, and withholding of Federal income tax was based upon those gross amounts. Section 18539 of the Government Code of California provides as follows amount of money or credit received as compensation for service rendered exclusive of mileage, traveling allowances, and other sums received for actual and necessary expenses incurred in the performance of the State's business, but including the reasonable value of board, rent, housing, lodging, or similar advantages received from the State. [Added by Stats. 1945, ch. 123, § 1, p. 540. Based on Stats. 1937, ch. 753, § 21, p. 2087.]" In each income tax return, the petitioner reported the net *60 amount of his salary. Each return disclosed the amount which petitioner's employer had withheld from gross salary during the year for rent, commissary withdrawals, and laundry service. The commissioner determined that petitioner's compensation for services each year was the gross amount of his salary. Opinion HARRON, Judge: The petitioner contends that the amount withheld each year from his gross salary by his employer for rent, commissary withdrawals, and laundry service is excludable from his gross income for each year under the "convenience of the employer" doctrine which was enunciated in Jones v. United States, 60 Ct. Cl. 552. Petitioner relies entirely upon Diamond v. Sturr, (C.A. 2, decided March 28, 1955) 221 Fed. (2d) 264. The respondent takes the position that the amount which was deducted each year from petitioner's gross salary for rent, commissary withdrawals, and laundry service is includible in petitioner's gross income under section 22(a) of the 1939 Code because under the applicable state statute and state regulations the value of such maintenance was considered by petitioner's employer as part of the compensation for his services. That *61 is to say, the respondent contends that in this case it is evident that the living quarters and other items were furnished as compensation for services rendered. The respondent relies upon his ruling in Mimeograph 6472, C.B. 1950-1, p. 15, the pertinent part of which is quoted in the margin. [1] The respondent also relies upon Joseph L. Doran, 21 T.C. 374, and Charles A. Brasher, 22 T.C. 637. *62 The evidence in this case is quite limited. It consists of a brief stipulation of facts, and we do not have the testimony of petitioner or of anyone representing his employer about petitioner's contract of employment, about the circumstances under which he worked and received lodging, commissary withdrawals, and laundry service, or about petitioner's living arrangements, in general. The evidence establishes that the value of the maintenance items in question was accounted for and regarded by the State of California as part of the compensation for petitioner's services. The petitioner's employer charged him for these benefits, withdrawing the value thereof from his gross salary. The provisions of section 22(a) are very broad, including in the definition of gross income "income derived from salaries, wages, or compensation for personal service * * *, of whatever kind and in whatever form paid, * * *" The Commissioner's determination places upon the petitioner the burden of proving that the amounts in dispute did not constitute part of his compensation for personal services. We said in Arthur Benaglia, 36 B.T.A. 838, 840, "* * * If the Commissioner finds that it [the *63 value of food and lodging] was received as compensation and holds it to be taxable income, the taxpayer contesting this before the Board must prove by evidence that it is not income." Upon consideration of all of the evidence before us, we must conclude that petitioner has failed in meeting his burden of proving that the amounts in dispute were not part of his compensation. Cf. Saunders v. Commissioner, 215 Fed. (2d) 768, reversing 21 T.C. 630, where the Court pointed out that a rations allowance was not regarded or accounted for as compensation by the taxpayer's employer. Lacking any other specific evidence about the terms of petitioner's contract of employment with the Agnews State Hospital, or the State of California, we are obliged to consider the provisions of section 18539 of the Government Code of California, as well as the State's accounting with respect to petitioner's gross salary, as clear evidence that petitioner's compensation for his services included the value of the lodging and other items which were provided and for which the petitioner was charged through deductions from his gross salary. In Joseph L. Doran, supra, and *64 Charles A. Brasher, supra, this Court expressed the view that it does not necessarily follow from the fact that the taxpayer lives at the place of his employment for his employer's convenience that the value of the living quarters and like benefits is not compensation. We adhere to that view here in view of the state of the evidence in this case. Careful consideration has been given to Diamond v. Sturr, supra. The facts of the Diamond case serve to distinguish it from this proceeding, in our opinion, but if it is indistinguishable, then we respectfully decline to apply the reasoning of the court here. Decision will be entered for the respondent. Footnotes
1. Mimeograph 6472. 2. * * * The "convenience of the employer" rule is simply an administrative test to be applied only in cases in which the compensatory character of such benefits is not otherwise determinable. It follows that the rule should not be applied in any case in which it is evident from the other circumstances involved that the receipt of quarters or meals by the employee represents compensation for services rendered. This position is in accord with I.T. 2692 (C.B. XII-1, 28 (1933)) and the decision of the United States Board of Tax Appeals (now The Tax Court of the United States) in Herman Martin v. Commissioner (44 B.T.A. 185). 3. For example, a State civil service employee is employed at an institution in which the conditions of employment require him to live at the institution and be available for duty at any time. In connection with his employment, he is furnished living quarters and meals. Under the applicable State statute, the civil service rules and regulations of the State, or the individual contract of employment, the value of the living quarters and meals is considered as part of the employee's compensation. Regardless of whether living quarters and meals are furnished in addition to the cash salary, or the value thereof is deducted from the total salary, established for the particular position, it is evident that the living quarters and meals are furnished as compensation for services rendered. Consequently, the value of the living quarters and meals is includible in his gross income and is subject to withholding of income tax at the source by the employer, notwithstanding the fact that the employee is required to live at the institution and be available for duty at any time.↩