LESLIE DIETZ AND ROSALIE DIETZ, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52498. Filed March 16, 1956.

*Howard A. Morse, Esq.*, for the petitioner.
*Thomas J. Donnelly, Jr., Esq.*, for the respondent.

FISHER, *Judge*: Respondent determined a deficiency in income tax of petitioners for the taxable year 1951 in the amount of $59. The sole issue is whether the value of the use of an apartment furnished petitioners by their employer was taxable to them as income.

All of the facts are stipulated and are incorporated herein by reference except for one minor inconsistency which we have resolved in our summary of the facts.

On or about August 1, 1951, the petitioners entered into an agreement with Dick and Reuteman Company whereby the petitioners agreed to perform janitorial services in an apartment building located at 3951 North Farwell Avenue, Milwaukee, Wisconsin, and the said Dick and Reuteman Company agreed that the petitioners might occupy an apartment in such building rent free.

Pursuant to such agreement, the petitioners performed janitorial services and occupied an apartment in the building located at 3951 North Farwell Avenue rent free during the period August 1, 1951, to December 31, 1951.

The fair market value of the apartment occupied rent free by the petitioners in consideration of the services performed by them for Dick and Reuteman Company was $62.50 per month and during the taxable year 1951 was a total of $312.50. Except for the sum of $15 paid to petitioners by the employer, the occupation of the apartment rent free by the petitioners was the only amount received by them during the taxable year 1951 for the janitorial services they performed for Dick and Reuteman Company.

During the taxable year 1951 the petitioner, Leslie Dietz, was duly licensed by the village of Shorewood to operate a boiler in the apartment building.

The apartment occupied by the petitioners is near the entrance of such apartment building.

The petitioners are required by Dick and Reuteman Company to have a telephone in their apartment in order that they may be reached at any hour of the day or night. Dick and Reuteman during the taxable year 1951 paid for such telephone service to the petitioners.

The duties of the petitioner, Leslie Dietz, included firing the boiler in such apartment building, making minor electrical, plumbing, and carpentry repairs, maintaining in proper operation the ice machine of the refrigerating system, washing, painting and hanging window screens, and taking care of the lawn and yard, and snow removal.

The duties of the petitioner, Rosalie Dietz, included cleaning the halls, basement, and porches, taking deliveries for tenants, replacing burned-out light bulbs in the halls and basement, arranging the washing hours of tenants in the laundry, receiving complaints from the

tenants for transmission to said Dick and Reuteman Company, and during the absence of the petitioner, Leslie Dietz, serving in his place.

One or the other of the petitioners was required by said Dick and Reuteman Company to be available in such apartment building during each 24-hour period every day.

In addition to performing the janitor services mentioned, each of petitioners earned wages from other employers, in occupations unrelated to the services here under consideration.

In their briefs, the parties present conflicting interpretations of Regulations 111, section 29.22 (a)–3, which, to the extent here relevant, provides as follows:

SEC. 29.22(a)–3. COMPENSATION PAID OTHER THAN IN CASH.— * * * If a person receives as compensation for services rendered a salary and in addition thereto living quarters or meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. If, however, living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees. * * *

Petitioners contend, in effect, that if the use of the apartment was for the convenience of the employer, the value thereof is not includible in their gross income, regardless of whether it was compensatory in nature. Respondent contends that if such use was compensatory, the value thereof is includible in gross income regardless of whether it was furnished for the employer's convenience.

Section 22 (a) of the Internal Revenue Code of 1939 includes in the definition of gross income "compensation for personal service * * * of whatever kind and in whatever form paid, * * *."

In considering the provisions of the regulations to which reference is made above, we have held that the "convenience of the employer" rule is merely one test used to determine whether or not the value of food or lodgings furnished to an employee is compensation. *Joseph L. Doran*, 21 T. C. 374, 376 (1953). We have also held that, regardless of the fact that the acceptance and use of maintenance furnished a taxpayer by his employer is for the convenience of the employer, if it is compensatory to the taxpayer, it is includible in his gross income. *Charles A. Brasher*, 22 T. C. 637 (1954). Cf. *Arthur Benaglia*, 36 B. T. A. 838 (1937).

In the instant case, both petitioners performed arduous services and, between them, were on duty 24 hours a day. The time spent and services rendered were by agreement and for a consideration, namely, the right to the use of the apartment. Except for the sum of $15 paid to them (which petitioners state on brief was a Christmas gift) the *sole* consideration was the use of the apartment. It is clear that the employer would not have furnished them with the apartment if they had not agreed to perform the required services, and that they would not

have performed such services if they had not received the benefit of the use of the apartment.

Under the circumstances we conclude that the value of the use of the apartment was compensatory and we accordingly sustain respondent's determination. *Charles A. Brasher, supra.*

*Decision will be entered for the respondent.*