**DIAMOND et al. v. STURR.**
**Civ. No. 4108.**

United States District Court,
N. D. New York.

Tried June 10, 1953.

Submitted Aug. 26, 1953.

Decided Sept. 15, 1953.

John T. DeGraff and Mortimer M. Kassell, Albany, N. Y., for plaintiffs.

H. Brien Holland, Asst. Atty. Gen., Andrew D. Sharpe, Fred J. Neuland, Sp. Assts. to Atty. Gen., for defendant, Anthony F. Caffrey, U. S. Atty., Syracuse, N. Y., of counsel.

BRENNAN, Chief Judge.

The sole question presented in this and the companion case of Bruen, et ano, v. Sturr, etc. may be stated; viz.: Is the value of maintenance furnished by the State of New York to employees, whose salaries are fixed by Section 40 of the Civil Service Law of the State of New York, McKinney's Consol.Laws, subject to federal income tax and to the withholding provisions of the federal tax law, when the employee is required to reside at the institution where his duties are performed?

This action is brought by the plaintiffs to recover $164.44, representing an alleged overpayment of income taxes for

the year 1949. It may be considered as a "test case", since the decision will affect many employees whose salaries are fixed by Section 40 of the New York Civil Service Law and whose maintenance is furnished by the State. The word "plaintiff" as it appears in this decision will refer to Oscar K. Diamond, unless otherwise noted. Plaintiff's wife is a party to the action only because a joint tax return was filed for the year in question.

The facts are not disputed here. They are contained in a stipulation which, together with the exhibits attached thereto, make up the major portion of the record. Some additional evidence was received tending to show the type of maintenance furnished to the plaintiff in 1949 in which his family shared. Since the problem involved here is narrow in scope a brief summary of the facts is sufficient to afford a background for the decision.

The plaintiff was employed from April 1, 1949 to December 31, 1949, at a State mental institution known as the "Willard State Hospital, Willard, New York". (Such employment has continued to the present time). He was a resident officer of that institution and designated as a supervising psychiatrist. Pursuant to Subdivision 2 of Section 34 of the Mental Hygiene Law of New York, McKinney's Consol.Laws, he was required to reside on the hospital grounds. He was furnished food, lodging and maintenance by the State valued during the period in question in the amount of $1,100.27. Section 42, Civil Service Law of New York. Each month a proportionate amount of the above sum was deducted from plaintiff's gross monthly salary and there was also withheld from such salary (which included a proportionate amount of the value of such maintenance) an amount computed in accordance with the withholding provisions of the federal statute relating thereto. A timely tax return for the year in question was filed, which included the above sum of $1,100.27, as part of plaintiff's gross income. The tax computed thereon was paid. Application for a refund in the amount sued for here, which represents the amount of tax imposed upon the value of the maintenance item above, was made and denied, and this action followed.

Plaintiff contends that the value of maintenance furnished and received as above is legally no part of his taxable gross income, since it was furnished for the convenience of the employer. (Section 29.22(a)–3 Treasury Dept. of U. S., Regulation 111). Defendant contends that Section 22(a) of the Internal Revenue Code, 26 U.S.C.A., which defines gross income to include " * * * gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid * * * ", together with Section 42 of the Civil Service Law, supra, to the effect that any contribution by the State of food, lodging and maintenance shall be considered as part of the established salary, makes inapplicable "the convenience of employer" rule under conditions existing here.

The material portions of the statutes of the State of New York and the provisions of the Internal Revenue Code, and of the Regulations applicable thereto which are most directly pertinent to this decision, are for convenience set forth in the footnote below.[1]

---

1. Civil Service Law of the State of New York, § 42, *Extra Salary or Compensation Prohibited.*

"Any contribution by the state of food, lodging or maintenance, or any commutation in lieu of maintenance, except traveling expenses and field allowances, shall be considered as part of the salary established by section forty of this chapter. The fair value of such food, lodging, maintenance or commutation shall be determined by the director of the budget and may in his discretion be deducted from the salary established by said section. * * * "

Internal Revenue Code: Section 22. *Gross Income*

"(a) *General Definition.*—'Gross Income' includes gains, profits, and income derived from salaries, wages, or com-

A further background of the present controversy appears in detail in the stipulation, and may be summarized by stating that prior to 1942 the salaries of employees at institutions under the control of the New York State Department of Mental Hygiene were fixed by the Commissioner of that Department. They received food, lodging and maintenance in addition to the salary so fixed. To cure inequities arising under the law, especially in the assignment of living quarters and in the fixing of cash allowances for those employees residing outside of the institutions involved, the law underwent changes; salary schedules were set up for civil service employees which included the value of the maintenance furnished. Section 40, Civil Service Law. Section 42 of the Civil Service Law was enacted to facilitate the necessary changes eliminating the previous difficulties. Actually the present law affected no real increase in net salaries. The value of maintenance was added to the basic salary, establishing what might be termed a gross salary, but such value was actually withheld or deducted from the employees' pay check when actual payment was made.

Shortly after the effective date of the present New York statute, above referred to (October 1, 1943), items of correspondence passed between the State authorities and the Bureau of Internal Revenue relative to the effect of new methods of fixing salaries upon the obligation of the State under the withholding provisions of the tax law. The holdings of the Bureau were not entirely consistent, but they culminated in a ruling dated December 31, 1948, which held that the value of maintenance furnished to employees of the State whose salaries are fixed by Section 40 of the Civil Service Law is includable in their gross income, and is subject to the withholding of income tax, regardless of the fact that the conditions of employment may require such employees to live at their posts of duty and be available for call at any time. The Commissioner relied upon such ruling in denying the refund here. His determination is presumptively correct. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212.

Since gross income is the basis of personal income taxation, we consider first its statutory definition as it applies here. The term as defined is broad in scope. It includes " * * * compensation for personal service * * * of whatever kind or in whatever form paid * * *." Neither regulations nor interpretations may annul the language and intent of the statute.

"Section 22(a) of the Revenue Act is broad enough to include in taxable income any economic or financial benefit conferred on the employee as compensation, whatever the form or mode by which it is effected." Commissioner of Internal Revenue v. Smith, 324 U.S. 177 at page 181, 65 S.Ct. 591 at page 593, 89 L.Ed. 830.

The problem is then approached and may be entirely solved by determining whether or not such maintenance is furnished as compensation. This is primarily a question of fact, and the burden is upon the taxpayer to show that it is not income. Benaglia v. Commissioner, 36 B.T.A. 838. A clear and definite showing is the measure of the

---

pensation for personal service * * * of whatever kind and in whatever form paid, or from professions * * * and income derived from any source whatever. * * * "

Treasury Regulation 111, promulgated under the Internal Revenue Code:

"Sec. 29.22(a)–3.—

Compensation Paid Other Than in Cash. —" * * * If a person receives as compensation for services rendered a salary and in addition thereto living quarters or meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. If, however, living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees. * * * ".

taxpayer's burden. Van Rosen v. Commissioner, 7 T.C.M. 834.

The Court is aware of no all-inclusive test of compensation as the term is used in the statute. It would seem that it must contemplate an economic benefit to the employee. Here, it can hardly be disputed that the furnishing of food and lodging to the taxpayer was not to his economic benefit. Every benefit, however received by a taxpayer from his labor, is not taxable. Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404 at page 407, 66 S.Ct. 546, 90 L.Ed. 752. We then must look farther into and consider the facts and circumstances. Commissioner of Internal Revenue v. Wilcox, supra.

The contract of employment while not controlling may throw some light upon the question. No written contract is contained in the record, but necessarily the agreement contemplates the existing law and must exist within its limits. Section 40 of the Civil Service Law fixes plaintiff's salary. Section 42 of the same law provides that any maintenance shall be considered as a part thereof. Overtime compensation, retirement deductions and benefits are computed on the basis of the salary established by Section 40. In other words, the employer and employee must be deemed to have consented here that maintenance be considered for the purpose of the employment as salary, and that it be considered as salary for the purpose of determining the benefits and obligations conferred or imposed by the law as it applies to the State retirement system. Miller v. Commissioner, C.C.A., 144 F.2d 287. If maintenance is salary or compensation for the above purposes, some of which are definitely for the taxpayer's benefit, it is hardly logical to exclude it from that category when it imposes a tax obligation.

Turning to other evidence here we find that the changes occasioned by the 1943 law resulted in no additional financial benefit to the plaintiff, but financial gain or loss is not the test of the nature of benefits actually received. The deduction of the proportionate money value of maintenance from plaintiff's salary check or payment is of little weight here. Dominion over money is not decisive. Commissioner v. Wilcox, 327 U.S. 404 at page 407, 66 S.Ct. 546, 90 L.Ed. 752. The State law provides for deduction, and plaintiff will be deemed to have assented thereto by his acceptance of the employment, the benefits of which were so burdened.

The argument is made that maintenance is furnished in this case for the benefit of the employer and therefore not includable in gross income by reason of the provisions of Regulation 111, Section 29.22(a)–3. A short answer to that argument is that the first sentence of the paragraph invoked provides that maintenance received as compensation is subject to tax. The second sentence must, therefore, be construed as referring to maintenance furnished not as compensation but as a convenience of the employer. As has been said many times, many, if not most employments, embody to some extent the convenience of the employer and impose upon the employee limitations upon his place of abode and type of maintenance. Maintenance received as compensation is always taxable regardless of the convenience served. When the maintenance is furnished in the nature of a gratuity serving the purpose of the employer, the doctrine of convenience of the employer may be invoked. The economic benefit to employee under such conditions is exempt.

Prior decisions, applying the rule above referred to, are of little value. The result turns on the facts of each case. Van Rosen v. Commissioner of Internal Revenue, supra. That such decisions are not capable of reconciliation —compare Martin v. Commissioner, 44 B.T.A. 185, Benaglia v. Commissioner, supra, and Carmichael v. Commissioner, 7 T.C.M. 278 (C.C.H.) (1948)—is not important, and no attempt will be made to analyze same, because a finding

here that maintenance is a part of compensation precludes the application of the convenience doctrine.

All of the above, together with the common knowledge that maintenance received is generally compensable in nature since it fulfills a necessary economic demand in everyday life, dictates the finding that in this case maintenance is furnished and received as compensation for personal services·rendered or available.

That the decision here will result in inequities and difficulties in the administration of certain departments of the State service has not been overlooked. This Court must apply the facts and law as it finds them.

The facts contained in the stipulation, together with the finding made herein, are made the findings of this Court, and it is concluded that the complaint be dismissed. Judgment will follow accordingly.