**J. Berkeley GORDON and Isabel Gordon, individually and jointly, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Charles J. AUDESIRK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Margaret Rose McKEON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. Nos. 785-56, 850-56, 851-56.**

United States District Court
D. New Jersey.
June 28, 1957.

Sydney A. Gutkin, David Beck, Newark, N. J., for plaintiffs.

Chester A. Weidenburner, George J. Rossi, Newark, N. J., Jerome S. Hertz, Dept. of Justice, Washington, D. C., for U. S. Government.

Grover C. Richman, Jr., Atty. Gen., Eugene T. Urbaniak, Asst. Atty. Gen., amici curiae.

MEANEY, District Judge.

These three actions were brought by the various plaintiffs to recover alleged excess amounts assessed against them for income taxes for the years 1951 and 1952.

The plaintiffs, J. Berkeley Gordon, Charles J. Audesirk and Margaret Rose McKeon, were employees of the State of New Jersey. Isabel Gordon joins as plaintiff with her husband, J. Berkeley Gordon, as they filed a joint return for the years in question.

### Facts

J. Berkeley Gordon in 1951 and 1952 occupied the post of medical director of the New Jersey State Hospital at Marlboro, N. J.

Charles J. Audesirk during the same years was a foreman plumber and steamfitter at the same institution.

Margaret Rose McKeon in 1951 and 1952 was an employee of the State, serving as resident X-ray technician at the New Jersey State Hospital at Trenton.

All three plaintiffs were required by the terms of their employment to live at their posts and to be available twenty-four hours per day. In the event that they were absent at any time, they were required to leave information as to where and how they could forthwith be reached in case of emergency.

The medical director of the Marlboro State Hospital was provided with a house for himself and his family, food and service.

The other two plaintiffs were provided with rooms and food served at the institution. If they did not eat meals served at the institution, they were not recompensed.

### Discussion and Conclusions of Law

For many years it was agreed by the Department of Internal Revenue, after negotiations between State officials and authorized agents of the Internal Revenue Service, that certain selected employees were to receive housing and maintenance in addition to the compensation paid them by the State. This was considered to be for the convenience of the State and as such not to be included in gross income.

Subsequently, acting under the theory of economic benefit to the taxpayer, the Internal Revenue Service changed its in-

terpretation and construed anything given or furnished to an employee, in addition to his salary, as items to be included in gross income.

This question has been passed upon by several courts. In the Second Circuit, in Diamond v. Sturr, 221 F.2d 264, the United States Court of Appeals felt that the rule of convenience of the employer rule had been applied for such a long period that the new regulation should not offset the old regulation which had attained the status of law by long continued use.

In the Third Circuit, in the case of Saunders v. Commissioner of Internal Revenue, 215 F.2d 768, Judge Biggs of the Court of Appeals for the Circuit, outlined the judicial history of the convenience of the employer rule and arrived at the conclusion that the cash allowance of $70 per month in lieu of meals to be furnished State troopers was not evident compensation for services rendered the State, but was an arrangement for the benefit and convenience of the State of New Jersey.

In spite of certain apparent conflicts in the classification and listing in various departments of the State, the question to be decided is whether the housing and maintenance furnished the plaintiffs herein are evidently part of compensation for service rendered and are not primarily for the benefit and convenience of the State as employer.

Because of the requirements established for each of the positions held by the plaintiffs, by the employing State, notably that they be available at all times, it would appear that the maintenance afforded them was to the end that there might be better care and more efficient service rendered by the plaintiffs in the performance of unique and vital services in the hospitals to which they were assigned. True it is that economic advantage might very well result from the situation which obtains for all three of the individuals involved. And that economic advantage varies in kind and degree with the nature of their several employments. That does not affect the principle involved. There is no inherent contradiction between the existence of such economic advantage and the coexistence of the more important convenience to the State and in these cases the unfortunates who are its wards.

The rule established by the Court of Appeals of this Circuit in the Saunders case, supra, seems appropriately applicable to the instant cases.

There will be judgment for the plaintiffs.

This opinion may serve as findings of fact and conclusions of law.

Let an appropriate order be entered.