J. Melvin BOYKIN, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 15979.

United States Court of Appeals
Eighth Circuit.

Oct. 30, 1958.

**250**

———♦———

Roger v. Dickeson, Lincoln, Neb., for petitioner.

Maurice W. Weinstein, Attorney, Department of Justice, Washington, D. C., (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Robert N. Anderson, and Arthur I. Gould, Attys. Department of Justice, Washington, D. C., on the brief), for respondent.

Before JOHNSEN, VAN OOSTERHOUT, and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Taxpayer, Dr. Boykin, has filed timely petition for review of the decision of the Tax Court (opinion reported at 29 T.C. 813) upholding the Commissioner's determination of tax deficiencies for the years 1954 and 1955, by reason of taxpayer's failure to include in his gross income for each of said years the rental value of a house and a garage furnished him by his employer for the convenience of the employer.

Taxpayer, a physician, was employed by the Veterans Administration as Chief of Professional Services at the Richmond, Virginia, Hospital during January 1954, and as Manager and Chief of Professional Services at the Veterans Hospital at Lincoln, Nebraska, for the balance of 1954 and all of 1955. It is undisputed that under a mandatory directive of the Veterans Administration taxpayer, by virtue of his official position, was required to live in quarters on the employer's premises provided by the employer. This requirement was for the convenience of the employer, and was made for the purpose of having taxpayer available on the premises to properly perform his duties. Taxpayer lived in the assigned quarters. The Veterans Administration Manuals provided that the fair rental value of housekeeping quarters provided employees of taxpayer's classification be considered a part of the employees' compensation, and that the fair rental value of the quarters be deducted from the employees' salaries. Taxpayer's basic salary under his Civil Service classification was $11,300.12 in 1954 and $12,130.38 in 1955. From his salary the employer deducted for rental of living quarters $1,147.46 in 1954 and $1,188.86 in 1955.

Taxpayer also rented a garage upon the hospital grounds for which he made a direct payment of rental of $27.50 in 1954 and $30 in 1955. The garage rental was not deducted from his salary, and there was no requirement that taxpayer rent the garage.

The primary issue for our consideration is whether a taxpayer, who, for the convenience of his employer, is required to accept living quarters on the employer's premises as a condition of his employment, is entitled to exclude the rental value of such premises from his gross income under section 119 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 119, regardless of whether the value of the rental quarters is considered part of his compensation.

The Commissioner contends that section 119 does not authorize the exclusion because the living quarters were not furnished free of charge to the employee, since the taxpayer was required to and did pay the rental value by means of deductions from his salary. The Commissioner relies heavily upon the words we have italicized in the following portion of section 1.119–1 of Treasury Regulations on income taxes (1954 Code):

"(c) Rules.—

\*   \*   \*   \*   \*   \*

"(2) The exclusion provided by section 119 applies only to meals and lodging *furnished in kind, without charge or cost to the employee.* If

the employee has an option to receive additional compensation in lieu of meals or lodging in kind, or *is required to reimburse the employer for meals or lodging furnished in kind, the value of such meals and lodging is not excluded from gross income.* \* \* \* " [Italics ours.]

The italicized portion of the regulation quoted supports the Commissioner's position. It appears, however, that the quoted portion of the regulation is inconsistent with the regulation as a whole. Subsection (b) thereof provides:

"(b) *Lodging.*—The value of lodging furnished to an employee by his employer shall be excluded from the employee's gross income if three tests are met: (1) The lodging is furnished on the business premises of the employer, (2) the lodging is furnished for the convenience of the employer, and (3) the employee is required to accept such lodging as a condition of his employment. \* \* The exclusion shall apply irrespective of whether under an employment contract or a statute fixing the terms of employment such lodging is furnished as compensation."

Example (3) given in the regulation reads:

"A Civil Service employee of a State is employed at an institution and is required by his employer to be available for duty at any time. Accordingly, the employer furnishes the employee with meals and lodging at the institution. Under the applicable State statute, his meals and lodging are regarded as part of the employee's compensation. The employee would nevertheless be entitled to exclude the value of such meals and lodging from his gross income."

It would appear from subsection (b) and Example (3) that taxpayer would be entitled to the exclusion if he met the requirements of section 119(2) of the Internal Revenue Code of 1954, and that such result would follow whether or not the value of the quarters furnished is regarded as part of his compensation.

Section 119 of the Internal Revenue Code of 1954 provides:

"§ 119. Meals or lodging furnished for the convenience of the employer.

"There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

\* \* \* \* \* \*

"(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation."

It is conceded that the taxpayer has met all of the tests prescribed by section 119 (2). It is established beyond dispute that: (1) the lodging was furnished by the employer on its business premises, (2) the lodging was furnished for the convenience of the employer in order to have the employee readily accessible for business purposes, and (3) the employee was required to accept the quarters as a condition of his employment. The Commissioner's position is that the meeting of the tests of section 119(2) is not sufficient to entitle the taxpayer to the exclusion. He reads the word "furnished" following the word "lodging" in the early part of the statute to mean "furnished free of charge." Webster's New International Dictionary, Second Edition, defines "furnished" as "Supplied; provided." We do not believe that the word "furnished" carries with it the implication that no charge is involved. Section 119 certainly does not expressly require that the lodging be furnished without charge. It is the position of the Commissioner that the word "furnished" is am-

biguous, and that resort should be had to the legislative history to determine the meaning Congress intended to give to the word. The Commissioner in his brief states, "We respectfully submit that the issue for this Court to decide is what did Congress mean in Section 119 by the value of lodging *furnished* an employee by his employer."

■ If the statute can be considered ambiguous with reference to the meaning to be given the word "furnished," the legislative history of the statute completely refutes any contention that the Act applies only when the lodging is furnished gratuitously. Section 119 represents the first codification of the law with reference to meals and lodging furnished an employee for the convenience of the employer. The legislative history of the applicable statute will be better understood when viewed in the light of the tax treatment previously given to meals and lodging, furnished for the convenience of the employer, by the regulations and the courts. The history of the regulations and treasury rulings relating to the taxability as income of the value of meals and lodging furnished and the development of the "convenience of the employer" rule are set out and fully discussed in Diamond v. Sturr, 2 Cir., 221 F.2d 264, 266, and Saunders v. Commissioner, 3 Cir., 215 F.2d 768, 771. In each of said cases the "convenience of the employer" test was applied, and the maintenance provided was found to be excludable from gross income. Section 29.22 (a)–3 of Regulations 111 and section 39.-22(a)–3 of Regulations 118 each includes the following provision:

"* * * If a person receives as compensation for services rendered a salary and in addition thereto living quarters or meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. If, however, living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees. * * *"

In Mimeo 6472, 1950–2 Cum.Bull. 15, it is stated:

"The 'convenience of the employer' rule is simply an administrative test to be applied only in cases in which the compensatory character of such benefits is not otherwise determinable. It follows that the rule should not be applied in any case in which it is evident from the other circumstances involved that the receipt of quarters or meals by the employee represents compensation for services rendered."

In Diamond v. Sturr, D.C.N.D.N.Y., 116 F.Supp. 28, 30, the court interprets and applies section 29.22(a)–3 of Regulations 111, and states, "The problem is then approached and may be entirely solved by determining whether or not such maintenance is furnished as compensation." There is no question in that case but that the state hospital employees involved lived upon the hospital premises for the convenience of the employer. In effect, the court held that if compensation was found to exist the fact that the quarters were furnished for the convenience of the employer was of no significance. The court, in discussing the regulation last referred to, states (116 F. Supp. at page 31):

"* * * the first sentence of the paragraph invoked provides that maintenance received as compensation is subject to tax. The second sentence must, therefore, be construed as referring to maintenance furnished not as compensation but as a convenience of the employer. As has been said many times, many, if not most employments, embody to some extent the convenience of the employer and impose upon the employee limitations upon his place of abode and type of maintenance. Maintenance received as compensation is always taxable regardless of the convenience served. * * *"

The court then looked to the applicable New York statute, and found that it

provided that the maintenance furnished should be considered as part of the employee's compensation. It also found that, pursuant to the statute, the value of the maintenance had been deducted from the employee's salary. The court determined that the maintenance represented a part of the employee's compensation.

We have discussed the foregoing case at some length as it is obvious that it is one of the decisions Congress had in mind when it enacted section 119. Example (1) in the Congressional Committee Report, which is hereinafter set out, states the facts of this case, and reaches a result directly opposite to that reached by the District Court in Diamond v. Sturr. The last paragraph of section 119 may well have been added because of the weight given by the court to the state statute in determining whether maintenance was compensation.

Other cases discussing the application of the "convenience of the employer" rule prior to the statute, and holding the rule inapplicable where compensation was shown are: Doran v. Commissioner, 21 T.C. 374; Hyslope v. Commissioner, 21 T.C. 131; Van Rosen v. Commissioner, 17 T.C. 834.

We now turn to the legislative history of section 119. The Committee on Ways and Means, in favorably reporting this section to the House (U. S. Code Congressional and Administrative News, 83d Cong., 2d Sess., 1954, Vol. 3, p. 4175), stated:

"This section provides a statutory test for determining the extent to which an employee may exclude from gross income the value of meals or lodging furnished by the employer.

"Existing law, as currently interpreted by the Internal Revenue Service and by certain court decisions requires that if meals or lodging represent compensation the value thereof must be included in gross income, even though the employee must accept such meals or lodging in order properly to perform his duties.

"Under section 119, if meals or lodging (1) are furnished at the place of employment, and (2) are required to be accepted by the employee at the place of employment as a condition of his employment, the value thereof shall be excluded from gross income, *notwithstanding the fact that such meals or lodging represent additional compensation to the employee.* \* \* \*" [Emphasis ours.]

The following example of the operation of the section is given (p. 4175):

"(1) A civil-service employee of a State is employed at an institution and is required, as a condition of his employment, to live and eat at the institution in order to be available for duty at any time. Under the applicable State statute, his meals and lodging are regarded as a part of the employee's compensation. The employee would nevertheless be entitled to exclude the value of such meals and lodging from gross income."

Included in the Report of the Senate Finance Committee is the following (id. at p. 4825):

"\* \* \* Under section 119 as amended by your committee, there is excluded from the gross income of an employee the value of meals or lodging furnished to him for the convenience of his employer whether or not such meals or lodging are furnished as compensation. \* \* \*"

Example (1), contained in the Senate Finance Committee Report, is the same in substance as Example (1) in the House Ways and Means Committee Report. See also Conference Committee Report, id. at p. 5286.

The Commissioner quotes the portion of the legislative history stating that the Act applies only to meals and lodging furnished in kind and that cash allowances for meals and lodging will continue to be includable in gross income as compensation. We fail to see where such statements are relevant to our present

controversy. It is absolutely clear that the lodging here was furnished in kind, and that no such allowance is involved.

■ We believe that the legislative history, above set out, establishes beyond doubt that Congress by section 119 intended to and did make the value of maintenance supplied in kind for the convenience of the employer, under the conditions prescribed in section 119(1) and (2), excludable from gross income, regardless of whether or not such maintenance might be regarded as part of the employee's compensation. The statute makes the "convenience of the employer" rule, as prescribed by the statute, the primary test.

■ It is well established law that the statute is the primary authority, and that regulations, to the extent that they are in conflict with the statute, are void. Trust of Bingham v. Commissioner, 325 U.S. 365, 377, 65 S.Ct. 1232, 89 L.Ed. 1670; Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 528; United States v. Shirah, 4 Cir., 253 F.2d 798, 800.

It should be noted that the District Court decision in Diamond v. Sturr, supra, was reversed in 1955 by the Court of Appeals for the Second Circuit, 221 F.2d 264. The Court of Appeals held that, under the laws that existed prior to 1954, the application of the "convenience of the employer" rule established that the maintenance furnished was not taxable compensation. A similar result was reached in Gordon v. United States, D.C.N.J., 152 F.Supp. 427. The Tax Court has refused to follow Diamond v. Sturr as properly stating the law as it existed prior to the 1954 Act. Romer v. Commissioner, 28 T.C. 1228.

Our problem in the present case is the interpretation of section 119, and it is wholly unnecessary to determine what the result should be if the laws that existed prior to the enactment of section 119 were to be applied to the facts of this case. The cases cited do demonstrate a serious conflict between the Tax Court and other courts as to the application of the "convenience of the employer" rule. The purpose of section 119 was to prescribe the conditions under which the "convenience of the employer" rule would operate in the future.

■ The Tax Court attaches importance to the form of the transaction, that is, to the fact that the rental value was deducted from taxpayer's established salary. The net economic benefit of the maintenance to the taxpayer is identical whether his salary is fixed at $11,300.12 and $1,147.46 is deducted therefrom for rent, as when he is paid the net difference between said sums, to wit $10,152.66, and given the use of the quarters without charge. Courts have frequently stated that taxation deals with realities, and that the substance, not the form, controls in the determination of tax problems. See Mertens Law of Federal Income Taxation, Vol. 1, § 5.09. The Court of Appeals in Diamond v. Sturr, supra, did not consider the fact that rental value was deducted from salary prevented it from determining that the maintenance did not constitute taxable compensation. In any event, under our interpretation of section 119, we believe that, if the conditions imposed by section 119(2) are fully met, the value of the lodging furnished the taxpayer is excludable from gross income, regardless of whether such lodging constitutes compensation. If Congress had intended to impose the additional condition that the maintenance should not constitute part of the employee's compensation, it is reasonable to suppose that it would have said so. As previously stated, we feel the Act itself and its legislative history conclusively establish that Congress intended to impose no such condition.

We conclude that under the undisputed evidence the taxpayer has met the standards set up by section 119 for establishing that the lodging was furnished for the convenience of the employer. It follows that the value of the lodging is excludable from gross income.

■ The situation as to the garage rental is different. Taxpayer was not re-

quired to accept the garage as a condition of his employment. He was free to exercise his own choice whether or not to rent the garage. The rent was not deducted from his salary. The rental of the garage and the furnishing of living quarters were separate and distinct transactions. The garage rent is not excludable from gross income.

The decision of the Tax Court holding that the garage rent is not excludable from gross income is affirmed. The decision of the Tax Court to the extent that it holds the rental value of the living quarters furnished the taxpayer is not excludable from gross income is reversed.