MASHUQ AHMAD QURESHI and RUTH QURESHI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Qureshi v. Commissioner
Docket No. 530-77.
United States Tax Court
T.C. Memo 1978-223; 1978 Tax Ct. Memo LEXIS 292; 37 T.C.M. (CCH) 951; T.C.M. (RIA) 78223; June 14, 1978, Filed Mashuq Ahmad Qureshi, pro se. Carolyn M. Parr, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency in petitioners' joint Federal income tax for the calendar year 1974 in the amount of $ 1,023.39. The only issue for decision *293 is whether petitioners are entitled to exclude from their income, or deduct, certain amounts paid by Dr. Qureshi, a resident physician, for meals and lodging at the D.C. General Hospital. [1]
FINDINGS OF FACT Petitioners Mashuq Ahmad Qureshi and Ruth Qureshi, husband and wife, resided in Alexandria, Virginia, at the time their petition in this case was filed. Petitioners timely filed their 1974 joint Federal income tax return with the Director of the Baltimore District of the Internal Revenue Service. Since petitioner Ruth Qureshi is a party hereto solely because she filed a joint income tax return with her husband, Mashuq Ahmad Qureshi will hereinafter be referred to as the petitioner. Throughout 1974, petitioner worked as a resident physician in the Department of Cardiology at D.C. General Hospital (the "hospital"). His duties included both primary patient care and the supervision of interns and junior resident physicians. In connection *294 with these duties, petitioner was regularly required to be on call at the hospital for periods in excess of 24 hours. He was not, however, on call at the hospital all day every day. In addition to his duties at the hospital, petitioner also performed medical services at Freedman's Hospital and St. Elizabeth's Hospital, and attended professional meetings at Georgetown University Hospital and George Washington University Hospital. When he was away from the hospital in connection with these other activities, he arranged for another resident to "cover" for him at D.C. General. During 1974, petitioner stayed on the hospital premises by renting hospital quarters, consisting of a two-room apartment, at a cost of $ 37 every two weeks, which was deducted from his wages. The total rent so deducted during 1974 was $ 962. By renting quarters at the hospital, petitioner was able to assure that he would be nearby in case of emergency, and thereby hoped to improve the quality of his professional services. He was not, however, required by the hospital to live in hospital quarters. Other senior residents maintained their residences away from the hospital, and either "shared" or "borrowed" *295 hospital quarters when necessary, or commuted from their residences to the hospital whenever necessary. At least some interns and residents were permitted by the hospital to use hospital beds for sleeping while on extended duty call at the hospital. During 1974, petitioner and his wife owned an apartment in Alexandria, Virginia, but neither of them actually lived there at any time during 1974. They rented it out for parts of 1974. Meals were not furnished to residents by the hospital. The price of meals in the hospital cafeteria was $ 1.20 per meal, paid directly by the petitioner. No charge was made unless petitioner ate a meal. In support of his claimed deduction for meals, petitioner submitted a letter dated October 10, 1974, signed by the Administrator and the Executive Director of the hospital. Such document does not state the amount spent by petitioner on meals at the hospital cafeteria, and petitioner has offered no other testimonial or documentary evidence in respect of the amounts spent on meals at the cafeteria. On their joint 1974 income tax return, petitioners claimed deductions of $ 962 for lodging and $ 900 for meals. The Commissioner disallowed claimed deductions *296 aggregating $ 2,487, including all amounts for meals and lodging. Petitioners have conceded the correctness of the disallowance insofar as it related to items other than meals and lodging. OPINION Petitioner spent $ 962 on lodging at D.C. General Hospital during 1974, and claims to have spent an additional $ 900 on meals at the hospital cafeteria. He seeks to deduct these amounts as employee business expenses or, in the alternative, to "exclude" them from his gross income pursuant to section 119, I.R.C. 1954. Petitioner cannot obtain the benefit of section 119, which provides a limited exclusion from gross income for the value of meals and lodging furnished to an employee by his employer. There is now no doubt whatsoever that section 119 applies only to meals and lodging furnished inkind, and does not apply to cash allowances of any kind. Commissioner v. Kowalski,     U.S.     (1977), 77-2U.S.T.C. par. 9748, 40 A.F.T.R. 2d 77-6128. Petitioner was paid entirely in cash. He paid cash for both his meals and his lodging, either directly or through withholding from his paycheck. It is true that section 119 has been treated as being applicable *297 in exceptional cases where the employer requires the employee to purchase meals or lodging on his business premises, or charges the employee regardless of whether he consumes the meals or uses the lodging, but this special application does not help petitioner because we have found, as a fact, that the hospital did not require petitioner to live on the hospital premises, nor did it charge him for meals furnished in the hospital cafeteria unless he chose to eat them. Section 1.119-1(a)(3)(ii) and section 1.119-1(b), Income Tax Regs.; see Weinberg v. Commissioner,64 T.C. 771, 779-780; compare Boykin v. Commissioner,260 F. 2d 249 (C.A. 8); Rev. Rul. 59-307, 1959-2 C.B. 48. Since petitioner cannot avail himself of the exclusion provided by section 119, his only basis for prevailing here is a deduction under section 162 as an employee business expense. Section 162(a)(2) provides a deduction for the costs of meals and lodging while away from home in the pursuit of a trade or business, but petitioner makes no claim that he was away from home within the meaning of the statute when he was at the hospital. Other than section 162(a)(2), the *298 statute makes no specific provision for the deduction of the costs of meals and lodging, and such expenses are normally the sort of personal expenses whose deduction is specifically disallowed by section 262. [2]Drill v. Commissioner,8 T.C. 902, 903. Petitioner no doubt found it convenient to take his meals in the hospital cafeteria when he was on duty at the hospital. And we do not doubt his assertion that he considered it unhealthful to bring sandwiches to work. But petitioner's convenience and his notions of personal hygiene do not control the legal issue here presented. Compare Cooper v. Commissioner,67 T.C. 870, 872-874. Petitioner ate his meals where and how he pleased, and his position is no different from that of other taxpayers who have unsuccessfully sought to deduct their essentially personal expenses for meals. [3] See, e.g., Kammerer v. Commissioner,35 T.C.M. 30, 35, 1976 P-H Memo. T.C. par. 76,011, and cases cited therein. Nor can taxpayer deduct the cost of his lodging simply because he chose to live at the hospital rather than to commute from a residence elsewhere, especially in light of the fact that he rented *299 out his apartment in Virginia and thereby limited duplicate housing expenses. Petitioner has simply paid the normal expenses for food and lodging which everyone must incur, and he is not entitled to any deduction on their account. Decision will be entered for the respondent. Footnotes
1. Petitioners have conceded that they are not entitled to certain amounts claimed as business expenses which were disallowed in the notice of deficiency. The only other adjustments made in that notice were favorable to petitioners.↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
3. Even if petitioner had established that the cost of his meals in the hospital cafeteria was deductible, he has totally failed to substantiate the amount claimed as a deduction. The letter from the Administrator and the Executive Director of the hospital, dated October 10, 1974, is simply a general estimate of the cost of meals of the average resident or intern. It does not relate to petitioner's actual cost of meals in the hospital cafeteria. No other evidence was submitted in respect of the number of meals taken, or the times they were eaten.↩