**Cleophas L. COX and Rose M. Cox, Petitioners-Appellants,**

v.

**Manuel CHACO, Director of Revenue and Taxation, and Government of Guam, Respondents-Appellees.**

No. 78–2208.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 1980.

Decided Feb. 2, 1981.

As Amended on Denial of Rehearing and Rehearing En Banc June 22, 1981.

---

\* The Honorable Robert H. Schnacke, United States District Judge for the Northern District

Gerald E. Stinson, Crain & Shoecraft, Agana, Guam, for petitioners-appellants.

Roger E. Willmeth, Agana, Guam, for respondents-appellees.

Before CHOY and NELSON, Circuit Judges, and SCHNACKE,\* District Judge.

CHOY, Circuit Judge:

Cleophas and Rose Cox, taxpayers, petition from a judgment of the district court

of California, sitting by designation.

denying their claim for a tax refund. We find that the district court correctly held that the taxpayers could not exclude certain rental payments from their gross income, and accordingly we affirm the judgment below.

## I. FACTS

Mr. Cox was an employee of the Federal Aviation Administration ("FAA") during the relevant tax year. He was assigned to the Guam region and he and his family lived in FAA housing there. Cox was the FAA Resident Director for Guam, and his responsibilities included air traffic control and crash investigations, as well as overseeing day-to-day housing matters. He received a standard FAA salary for such a position, and from that salary the Government deducted a portion for rental of Cox's FAA quarters. Thus Cox never physically handed over his rent payments to the FAA and his take-home pay did not include the amount allocated to rent.

Cox's home is eight-tenths of a mile from his office. Both the home and office are within the FAA complex. Cox testified that he would not be able to manage the FAA complex "long distance" and that his job required his physical presence in the complex at all hours. He received long distance business phone calls at night and on weekends because of date and time differences; other FAA employee-residents would come to Mr. Cox with housing complaints, although there was a housing director who had primary responsibility for housing matters. Cox's superior testified that Cox was required to live in the FAA complex.

The district court found, *inter alia*, that the evidence was insufficient to show that Cox was required to live in the FAA complex as a condition of employment. The district court noted that answering phone calls and handling housing complaints were a minor part of Cox's overall responsibilities.

There is no evidence in the record that non-government housing was not available, or that Cox's salary would be reduced if he did not live in the FAA complex. Cox told a government auditor that he would not be fired if he chose to live elsewhere.

## II. ISSUES

Cox's unique living and working arrangement gives rise to the question here. Cox claims that under 26 U.S.C. § 119, he is entitled to exclude the amount of his salary allocated to rent from his gross income since he is required to live on FAA premises as a condition of employment. The Guam Director of Taxation, on the other hand, contends that § 119 does not apply in this case because Cox pays rent for his housing, rather than receiving housing in kind; and that even if § 119 does apply, Cox has failed to prove the elements of a § 119 exclusion.

## III. DISCUSSION

Cox claims that the amount withheld from his salary for rent should be excluded from his gross income. Such exclusion would have the effect of taxing Cox as if he made less than other FAA directors, since the amounts withheld for rent would not be treated as income.

In order to receive this obviously advantageous tax treatment under § 119, the taxpayer must prove three elements:

(1) that such lodging be furnished for the convenience of the employer; (2) that it be located on the business premises of the employer; and (3) that the employee be required to accept such lodging as a condition of his employment.

*Commissioner v. Anderson*, 371 F.2d 59, 63 (9th Cir. 1966), *cert. denied*, 387 U.S. 906, 87 S.Ct. 1687, 18 L.Ed.2d 623 (1967).

In this case, the district court found to be lacking the third element which requires that lodging be furnished as a condition of employment. A review of the record reveals that Cox and his superior stated that Cox was required to reside in the FAA complex, but their statements were not supported by independent evidence or by a detailed explanation indicating why such residency was necessary. When pressed on cross-examination, Cox's explanation was

ambiguous. His statements were not uncontroverted. The trial judge observed the demeanor of the witnesses and could have discounted their testimony as self-serving and tax motivated. On the face of this record, the trial court was not clearly erroneous in its finding that Cox was not required to live in the FAA complex as a condition of employment. *Compare Caratan v. Commissioner,* 442 F.2d 606 (9th Cir. 1971), ("condition of employment" finding reversed where the court was "left with the definite and firm conviction" that a mistake had been committed and where the tax court erroneously relied on its own business judgment as to whether the taxpayer's job required his presence at all times).

Because we find that Cox failed to prove an essential element of a § 119 exclusion, we need not reach the question of whether § 119 applies at all where the FAA housing was furnished but paid for by a salary deduction.[1]

### IV. CONCLUSION

The trial court's finding that Cox was not required to accept government housing as a condition of employment was not clearly erroneous. The decision is

AFFIRMED.

NELSON, Circuit Judge, concurring:

The district court's finding that Cox failed to satisfy the third element required for exclusion of the value of lodging under section 119 is not clearly erroneous, and I agree with Judge Choy that the decision below should be affirmed on that basis. I write separately to make clear that I harbor no misgivings about whether, as a general proposition, section 119 would ever apply to Cox's situation. The applicable Treasury regulation, Treas.Reg. § 1.119–1(b), states plainly that section 119 applies under the

circumstances present here. The Supreme Court's *Kowalski* decision does not impair the validity of that regulation.

Treas.Reg. § 1.119–1(b) states, in pertinent part:

*Lodging.* The value of lodging furnished to an employee by the employer shall be excluded from the employee's gross income if three tests are met:

(1) The lodging is furnished on the business premises of the employer,

(2) The lodging is furnished for the convenience of the employer, and

(3) The employee is required to accept such lodging as a condition of his employment.

*... If the tests described in subparagraphs (1), (2), and (3) of this paragraph are met, the exclusion shall apply irrespective of whether a charge is made or whether, under an employment contract or statute fixing the terms of employment, such lodging is furnished as compensation.*

The emphasized portion of the regulation was promulgated in response to the decision in *Boykin v. Commissioner,* 260 F.2d 249 (8th Cir. 1958), in which the court examined the applicability of § 119 to a situation quite similar to that of the instant case. *Boykin* recognized that no difference exists between Taxpayer A, who receives a salary of $10,000 along with $5,000 worth of lodging at no charge, and Taxpayer B, who receives a salary of $15,000 from which $5,000 is deducted for the same lodging. Economically, both enjoy a "net" salary of $10,000 and receive $5,000 worth of lodging. If the lodging otherwise qualifies for the § 119 exclusion, *Boykin* tells us, both taxpayers are entitled to claim the exclusion.

The Commissioner acquiesced in the *Boykin* holding. Rev.Rul. 59–307, 1959–2 C.B.

---

1. Treas.Reg. § 1.119–1(b) permits the exclusion for lodging to be claimed where the three stated tests are met "irrespective of whether a charge is made" for the lodging. The regulation follows *Boykin v. Commissioner,* 260 F.2d 246 (8th Cir. 1958). The Director suggests that the recent Supreme Court decision in *Commissioner v. Kowalski,* 434 U.S. 77, 98 S.Ct. 315, 54

L.Ed.2d 252 (1977), which disallowed § 119 exclusion for cash meal allowances paid to state troopers in lieu of meals, would likewise bar an exclusion for lodging where, as here, a rental payment is deducted from the taxpayer's salary. We need not, however, reach this question here.

48. The regulation, following Boykin, states that the value of lodging that satisfies the three stated tests can be excluded from income "irrespective of whether a charge is made" for that lodging. The regulation thus effectively classifies the lodging as "in kind," for purposes of section 119, in both cases.

The *Kowalski* decision raises a spurious issue in this case, and it is unfortunate that it was ever introduced. *Kowalski* addressed an entirely different situation: cash allowances in lieu of meals. Thus *Kowalski* not only involved a different portion of the statute—the portion concerning meals, rather than lodging—it arose in circumstances where the employer did not furnish any meals at all. The employees in *Kowalski* received cash allowances as to which there was no requirement that the money be spent on meals. Employees could just as easily spend the money on something else. The allowances were indistinguishable from any other form of gross income, and the Supreme Court, drawing on the legislative history of § 119, held that it did not apply to such "cash reimbursements." 434 U.S. at 84, 98 S.Ct. at 319.

The instant case involves lodging, rather than meals.[1] More significantly, the instant case has no "allowance" aspect. Because of the payroll deduction, the taxpayer had no discretion to spend his lodging money on something else. Thus, although the lodging transaction is reflected on the taxpayer's pay stub, no actual "cash payment" can be said to have occurred. Classifying the lodging as "in kind" seems entirely appropriate.

*Kowalski* did not, nor did it purport to, overrule the relevant aspect of Treas.Reg. § 1.119–1(b). This court would have no warrant to do so now. So long as the

regulation implements the congressional mandate in some reasonable manner, *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967), this court's duty would be to give effect to that regulation. *National Muffler Dealers Association v. United States*, 440 U.S. 472, 476–77, 99 S.Ct. 1304, 1306–07, 59 L.Ed.2d 519 (1979); *United States v. Cartwright*, 411 U.S. 546, 550, 93 S.Ct. 1713, 1716, 36 L.Ed.2d 528 (1973); *Max Sobel Wholesale Liquors v. Commissioner*, 630 F.2d 670, 672 (9th Cir. 1980).

SCHNACKE, District Judge: concurring:

While I concur in the result, I cannot agree that § 119 is applicable to this situation. As the Supreme Court held in *Commissioner v. Kowalski*, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977) and as the Guam Director of Taxation ruled here, § 119 has no application except to benefits received in kind.

One who receives, as compensation, living accommodations, in addition to money, must pay taxes on the value of the living accommodations. Section 119 permits the exclusion from income of the value of the living quarters if specified conditions are met.

Cox received only a salary. He received no in kind compensation. Section 119 having no application to his situation, there is no need to consider whether he satisfied any of its conditions.

---

[1] This difference is more important than it may at first seem, because of the difference in the treatment accorded meals and lodging under § 119. Thus, while both meals and lodging must satisfy two tests—they must be furnished on the employer's premises, and they must be for the convenience of the employer—lodging alone requires satisfaction of a third test: the employee must be required to accept the lodg-

ing as a condition of employment. I find it difficult to imagine an analog to *Kowalski* in the lodging context, because it does not seem to me that a cash allowance program for lodging could coexist with the requirement that lodging be accepted as a condition of employment. This casts further doubt on the relevance of *Kowalski* to the instant case.