BJORN C. HJALMARSON AND PATSY S. HJALMARSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hjalmarson v. Commissioner
Docket No. 13610-79.
United States Tax Court
T.C. Memo 1981-342; 1981 Tax Ct. Memo LEXIS 400; 42 T.C.M. (CCH) 299; T.C.M. (RIA) 81342; July 1, 1981
*400 Held, petitioners are not entitled to a claimed educational travel expense deduction under sec. 162, I.R.C. 1954. Held further, petitioners may not exclude certain amounts from income under sec. 119, I.R.C. 1954. Held further, petitioners are not entitled to a sales tax deduction in excess of the amount allowed by respondent. Bjorn C. Hjalmarson and Patsy S. Hjalmarson, *401 pro se. Martha Combellick, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $ 825 in petitioners' 1976 Federal income tax. After concessions, the issues for decision are: 1. Whether petitioners are entitled to a claimed educational travel expense deduction under section 162. [1]
2. Whether rent paid by petitioners for lodging is excludable from their gross income under section 119. 3. Whether petitioners are entitled to a sales tax deduction in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Bjorn C. Hjalmarson and Patsy S. Hjalmarson resided in Ft. Apoache, Arizona, when they filed their petition in this case. Petitioners timely filed a joint Federal income tax return for 1976. In 1973, petitioners were hired by the Bureau of Indian Affairs as elementary and secondary school teachers. Initially, they taught school in Kotzebue, Alaska. Bjorn taught physical education classes *402 and coached basketball and track for students from kindergarten through twelfth grade, and Patsy taught physical education to female high school students. In March 1976, petitioners obtained a transfer from Kotzebue, Alaska, to the Navajo Indian Reservation in Dilcon, Arizona, where they both taught at the Dilcon Reservation School. Bjorn taught physical education classes and coached basketball and track for students in kindergarten through eighth grade, and Patsy taught social studies and the metric system to an eighth grade class. The social studies curriculum included United States history, Canadian history, and Navajo history and culture. Upon transferring to Arizona, petitioners lived in housing on the Navajo Indian Reservation which they rented from the United States government. Petitioners were not required to live in such housing, but could have lived in Winslow, Arizona, which was 35 miles from their place of employment. Nevertheless, in order to avoid the 35-mile commute and a time zone difference, petitioners chose to live on the reservation. In early 1976, petitioners were granted 30 days of educational leave for the summer of 1976. Petitioners intended to use *403 their educational leave to take a trip across the United States and to Montreal, Canada, to attend the 1976 Summer Olympics. While petitioners believed that the trip would assist them in performing their duties as teachers, the trip was directed towards fulfilling petitioners' personal interests. They planned to visit areas that they had never seen and were both interested in athletics. Petitioners prepared and submitted an itinerary of this trip to Laverne College for approval and upon completing the trip received college credits therefor. Petitioners, however, were not required to submit any information regarding the trip to their employer. In late June 1976, petitioners and their son began the trip, following the itinerary which petitioners had prepared earlier. They spent the first week of the trip in North Carolina, where they observed the United States Olympic Basketball Team practicing. After departing North Carolina, they took one look to visit several cities while enroute to Canada, including Washington, D.C., Philadelphia, Pennsylvania, and New York City. While in these cities, petitioners visited the tourist attractions and historical sites. Upon reaching Canada, *404 they spent one week traveling throughout the province of Quebec. For the remainder of the trip, petitioners and their son stayed in Montreal, Canada, attending various events of the 1976 Summer Olympics, including boxing, men's and women's basketball, women's volleyball, gymnastics, soccer, wrestling, weightlifting, and track and field. In early August 1976, petitioners and their son returned to Arizona. On their 1976 return, petitioners claimed an employee business expense deduction of $ 1,630 for the rent which they had paid for housing on the Navajo Indian Reservation. In the notice of deficiency, respondent disallowed the deduction. In addition, petitioners claimed an educational expense deduction for the travel expenses that they had incurred for their summer trip which respondent also disallowed. Finally, petitioners claimed a sales tax deduction of $ 893, itemized as follows: General Sales Tax [2]
$ 323
Sales Tax - Truck
270
Sales Tax - Furniture
300
Respondent disallowed the claimed sales tax deduction for furniture because petitioners had used the sales tax tables which did not *405 permit an additional deduction for the sales tax paid on furniture. OPINION The first issue for decision is whether petitioners are entitled to the claimed educational expense deduction for the travel expenses of their summer trip. Respondent maintains that petitioners failed to prove that such expenses were "ordinary and necessary" business expenses within the meaning of section 162(a). We agree. Section 1.162-5(d), Income Tax Regs., provides, in pertinent part, as follows: (d) Travel as a form of education. * * * expenditures for travel (including travel while on sabbatical leave) as a form of education are deductible only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business. For this purpose, a period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. The approval of a travel *406 program by an employer or the fact that travel is accepted by an employer in the fulfillment of its requirements for retention of rate of compensation, status or employment, is not determinative that the required relationship exists between the travel involved and the duties of the individual in his particular position. [Emphasis added.] Whether petitioners' travel expenses are deductible is a question of fact which turns upon whether or not the major portion of the activities that they engaged in during their trip was of such a nature as to directly maintain or improve skills required in their employment. Marlin v. Commissioner, 54 T.C. 560, 565 (1970). In Krist v. Commissioner, 483 F. 2d 1345, 1351 (2d Cir. 1973), revg. a Memorandum Opinion of this Court, the Second Circuit aptly stated: All travel has some educational value, but the test is whether the travel bears a direct relationship to the improvement of the traveler's particular skills. Such a relationship must be substantial, not ephemeral; the trip must be more than the "sightseeing" which both the old and new Regulations denote as "personal activity." Petitioners contend that their *407 summer trip improved the skills required to perform their duties as teachers. According to petitioners, attending various athletic events and observing athletes at practice improved Bjorn's skills as a physical education teacher and coach. In addition, they assert that visiting various historical sites improved Patsy's skills as a history teacher. Nevertheless, petitioners did not offer any specific testimony regarding the skills that were improved by such activities. We believe that the trip basically represented a summer vacation for the Hjalmarson family. Petitioners brought their son on the trip, and the record reveals little, if any, difference between their activities and those undertaken by any other tourist. Petitioners simply have failed to prove that a "major portion" of their trip directly maintained or improved the skills required in their employment. While the trip undoubtedly broadened petitioners' general knowledge thereby increasing their competence as teachers, such a tenuous relationship to their required skills is insufficient to support the deduction of their travel expenses. The fact that petitioners received college credits for their travel does not require *408 a different conclusion. Accordingly, we hold that a major portion of petitioners' summer trip was primarily personal in nature, and therefore, petitioners are not entitled to any deduction for their travel expenses under section 162. See sec. 1.162-5(e), Income Tax Regs.
We next consider whether petitioners may exclude from their gross income the rent which they paid for housing on the Navajo Indian Reservation.Petitioners insist that the rent is excluded from their gross income under section 119. [3] See Boykin v. Commissioner, 260 F. 2d 249 (8th Cir. 1958), affg. in part, revg. in part 29 T.C. 813 (1958); Rev. Rul. 59-307, 1959-2 C.B. 48. Respondent, on the other hand, maintains that petitioners are not entitled to such an exclusion from income because they were not required to live on the reservation, but rented housing thereon for their own convenience and not for the convenience of their employer. We hold for respondent. Section 119 provided as follows: There *409 shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if-- (1) in the case of meals, the meals are furnished on the business premises of the employer, or (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation. We have found as facts that petitioners were not required to live on the reservation as a condition of their employment, but chose to do so for their own convenience. No evidence was adduced which even suggests that petitioners accepted lodging on the reservation for the convenience of their employer. Consequently, it is clear that petitioners have not satisfied the requirement of section 119. While petitioners considered living outside the reservation to be inconvenient, such inconvenience does not *410 entitle them to the benefits of section 119. Accordingly, petitioners may not exclude the rent which they paid for housing on the Navajo Indian Reservation from their gross income. Finally, we must consider whether petitioners are entitled to a sales tax deduction in excess of the amount allowed by respondent. Prior to the trial in the instant case, petitioners substantiated sales taxes paid of $ 488 in addition to the amount paid upon the purchase of the truck. Since this amount exceeded that allowed under respondent's sales tax tables, respondent conceded that petitioners are entitled to a sales tax deduction of $ 488 in addition to that allowed for the sales tax paid for the truck. During the trial, petitioners did not offer any further evidence with respect to this issue. Accordingly, petitioners are not entitled to a sales tax deduction in excess of the amount conceded by respondent. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as in effect for the year in issue.↩
2. This item was computed using respondent's sales tax tables.↩
3. Petitioners have not argued that the rent represents a deductible employee business expense. Clearly, such an argument would be without merit. See sec. 262.↩