DAVID W. LUPTON AND RUBYE L. LUPTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lupton v. Commissioner
Docket No. 30039-85.
United States Tax Court
T.C. Memo 1987-111; 1987 Tax Ct. Memo LEXIS 107; 53 T.C.M. (CCH) 249; T.C.M. (RIA) 87111; February 24, 1987. Joseph R. Gilsoul and R. Cody Mayo, Jr., for the petitioner. Catherine L. Whitaker, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined a deficiency of $338.24 in petitioners' Federal income tax for their 1983 taxable year. Respondent has conceded that there is no deficiency for 1983. Petitioners now claim an overpayment, contending that they are entitled to exclude $1,960.00 from gross income in 1983 pursuant to section 119. [1] The issue we must decide is whether petitioners may deduct their rent pursuant to section 119. This case was submitted fully stipulated pursuant to Rule 122. [2] Petitioners, David W. and Rubye L. Lupton, are husband and wife who resided at Benton, Louisiana when they filed their petition in this case. During 1983, petitioner David W. Lupton (hereinafter referred to as "petitioner") was employed full-time as a police officer with the Shreveport, *109 Louisiana Police Department. Petitioner was also employed during 1983 as a security guard/watchman by The Silver Pines Apartments ("Silver Pines"). Petitioner worked at Silver Pines when he was off duty from his primary employment with the police department. Petitioner's guard job required him to be available at all times when he was not on duty as a police officer. Silver Pines required him to live in the apartment complex to effectively perform his duties. Petitioner's sole compensation for his work at Silver Pines was reduced rent on one of the apartments on the premises. The fair rental value of the apartment was $375.00 per month. Petitioners were required to pay rent of $245.00 per month. The $130.00 per month reduction in rent was attributable to the services petitioner performed for Silver Pines and was not reported as income on petitioners' tax return for 1983. Petitioners lived in the apartment at Silver Pines for eight months during 1983. The fair rental value of the apartment for that period was $3,000.00 ($375.00 per month X 8 months). Petitioners paid rent of $1,960.00 ($245.00 per month X 8 months). In his notice of deficiency dated July 25, 1985, respondent *110 increased petitioners' income for 1983 by $1,040.00, the difference between the fair rental value of the apartment and the amount actually paid. Respondent also determined that petitioner was liable for self-employment tax on the additional income. Respondent now concedes that the value of the reduced rent meets the requirements of section 119[3] and is properly excludable from gross income. Respondent also concedes that petitioner is not liable for self-employment tax. Petitioners now argue that they are entitled to deduct the rent they paid. Petitioners *111 argue that the language of section 119, providing an exclusion for "the value of any * * * lodging" furnished by the employer, does not limit the exclusion to the portion of the value that is considered compensation. The amount of the rent reduction, which was petitioner's only compensation for services rendered to Silver Pines, is, they claim, only part of what they may exclude from income. Petitioners contend that section 119 permits them to exclude from gross income, in addition, a portion of income from other sources otherwise taxable to them that is equivalent to the rent they paid for the apartment at Silver Pines. Petitioners' arguments are without merit and ignore the facts of their case. Section 119(a) provides an exclusion for the value of lodging furnishedbytheemployer for the employer's convenience. [4] This presumes that the value excluded is furnished as compensation to the employee and would otherwise be income under section 61. [5] Section 61(a)(1). Although the fair rental value of the Silver Pines apartment for eight months in 1983 was $3,000.00, the value of the lodging that Silver Pines furnished to petitioners was $1,040.00, i.e., the reduction *112 in rent that Silver Pines afforded to petitioners as compensation for petitioner's services. Silver Pines did not "furnish" lodging to petitioners within the meaning of section 119 to the extent they were required to pay for it from other sources. *113 Petitioners misread Boykin v. Commissioner,260 F.2d 249 (8th Cir. 1958), affg. in part and revg. in part 29 T.C. 813 (1958) and the regulations interpreting section 119. In Boykin, the taxpayer's employer paid him a salary, a portion of which was kept by the employer as rent for lodging furnished by the employer. Whether an employer pays a salary and takes part of it back as "rent" or simply furnishes lodging without rent and pays a reduced salary are equivalent circumstances that the Eighth Circuit believed should be taxed equivalently. 260 F.2d at 254. Respondent, since Boykin, has changed his regulations to reflect the Boykin rule. Sec. 1.119-1(b), Income Tax Regs.[6]; Tougher v. Commissioner,51 T.C. 737, 745 at note 6 (1969), affd. per curiam 441 F.2d 1148 (9th Cir. 1971). We do not, however, have a case to which the Boykin rule can be applied. The issue in this case is not whether a portion of petitioner's salary from Silver Pines is excludible from income because petitioners have been charged rent. Petitioner's compensation from Silver Pines was the *114 amount of the reduction in rent and no more. Income other than compensation from Silver Pines cannot be offset by permitting a deduction for the rent petitioners paid. Petitioners insist it would be inequitable to prevent them from deducting their rent. They illustrate their perceived inequity by showing the very obvious proposition that two individuals performing identical services will receive disparate economic benefits if one must pay some rent while the other's lodging is rent-free. The proper conclusion from petitioners' illustration is not, however, that the tax law must equalize the economic disparity, but that two individuals can bargain for different wages. Petitioner should *115 have renegotiated his employment contract with Silver Pines rather than attempting to enhance his economic position by deducting his rent. Petitioners properly may not deduct the rent paid to Silver Pines in 1983 and are not entitled to an overpayment in tax attributable to payment of that rent. Decision of no deficiency and no overpayment will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Section 119(a) provides, in relevant part: (a) MEALS AND LODGING FURNISHED TO EMPLOYEE, HIS SPOUSE, AND HIS DEPENDENTS, PURSUANT TO EMPLOYMENT. -- There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him, his spouse, or any of his dependents by or on behalf of his employer for the convenience of the employer, but only if -- * * * (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.↩
4. Petitioners also rely on the difference between the language of section 119, which they contend allows them to deduct the rental value from gross income, and the language used in most of the other exclusion provisions of the Code. Compare, e.g., sections 101, 102, 103, 104 ("Gross income does not include * * *") with section 119↩ ("There shall be excluded from gross income * * *"). We believe the distinction to be insignificant. 5. Petitioners' reliance on section 119(b)(1) is misguided. Whatever the meaning of section 119(b)(1), it applies only in determining whether the lodging is provided for the convenience of the employer. In this case, that issue is conceded by respondent since it is a necessary element of any of the lodging qualifying for exclusion. Bittker regards section 119(b)(1)↩ as a "dead letter" remnant from reaction to old Internal Revenue Service administrative positions that applied the exclusion only to lodging that was regarded as not part of the employee's compensation. 1 Bittker, Federal Taxation of Income, Estates and Gifts, P14.5.5 (1981).
6. Section 1.119-1(b), Income Tax Regs., provides in relevant part: If the employer furnishes the employee lodging for which the employee is charged an unvarying amount irrespective of whether he accepts the lodging, the amount of the charge made by the employer for such lodging is not, as such, part of the compensation includible in the gross income of the employee; * * *↩